### UNITED STATES of America

### v.

### DeLUCA, Dominic Angelo.

### Appeal of Dominic DeLUCA.

### No. 89–5395.

United States Court of Appeals, Third Circuit.

Submitted Aug. 8, 1989.

Decided Nov. 15, 1989.

Rehearing and Rehearing In Banc Denied Jan. 11, 1990.

Dominic Angelo DeLuca, Leesburg, N.J., pro se.

Samuel A. Alito, Jr., U.S. Atty., Edna Ball Axelrod, Chief, Appeals Div., Newark, N.J., for appellee.

Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

This case requires us to resolve two issues. First, we must decide whether the district court erred by amending petitioner-appellant's judgment of sentence to revoke his two-year special parole term in response to petitioner's habeas corpus petition. This habeas petition asserted that petitioner's guilty plea must be vacated because it was not knowing and voluntary as he had not been advised of the possibility of a mandatory special parole term prior to entering the plea. Second, we must decide whether the district court erred by failing to vacate petitioner's guilty plea as petitioner sought in his habeas petition. For the reasons that follow, we conclude that the district court erred by amending petitioner's judgment of sentence to revoke his two-year special parole term and that it did not err by failing to vacate petitioner's guilty plea. Accordingly, we will reverse in part and affirm in part.

### I.

The following facts are essentially uncontested.

On November 8, 1984, petitioner-appellant, Dominic DeLuca, pled guilty in the United States District Court for the District of New Jersey to one count of possession of methamphetamine with intent to distribute and one count of conspiring to possess methamphetamine with intent to distribute. Petitioner pled guilty pursuant to a plea agreement. The plea agreement noted that the charges to which petitioner was to plead guilty carried a maximum sentence of ten years in prison and a $30,-000 fine. It did not note that petitioner

could be subject to a term of special parole. Petitioner was sentenced to two consecutive three-year terms of imprisonment for a total prison term of six years.

The sentence was, however, illegal because it did not include an additional special parole term of two years on the substantive count, as was then required by 21 U.S.C. § 841(b)(1)(B).[1] The district court, apparently realizing this, issued an amended order on April 9, 1985, that added the two years of special parole mandated by 21 U.S.C. § 841(b)(1)(B). It did so pursuant to Fed.R.Crim.P. 35(a), which gives it the power to correct an illegal sentence at any time. *See* footnote 3 and surrounding text, *infra*. However, this amended sentence was imposed in an illegal manner because petitioner was not present as is required by Fed.R.Crim.P. 43(a).

In January 1989, three-and-a-half years later, petitioner filed the present habeas motion to vacate his guilty plea, alleging that he had not been advised of the possibility of a mandatory special parole term prior to entering his plea, and that, therefore, his plea was not knowing and voluntary as required by Fed.R.Crim.P. 11(d). The government then conceded that it could not establish that petitioner had been advised of the possibility of a special parole term prior to the plea because the court reporter was unable to find the transcript of the hearing at which petitioner pled guilty[2] and because the plea agreement did not mention the special parole term.

On April 25, 1989, the district court denied petitioner's motion to vacate his guilty plea, finding that the plea was knowing and voluntary. However, because the special parole term had not been imposed in open court in petitioner's presence, the court amended the judgment of sentence by revoking the two-year special parole term.

Petitioner now appeals.

## II.

■ We note initially that the district court erred by amending petitioner's judgment of sentence to revoke his two-year special parole term. 21 U.S.C. § 841(b)(1)(B) required that petitioner's sentence include a two-year special parole term, and a sentence that did not include one was therefore illegal. The only remaining issue is whether, since the government does not appeal, we have jurisdiction to reverse the district court's decision amending the sentence to revoke the special parole term. We conclude that we do because Fed.R.Crim.P. 35(a), as it applies to offenses committed prior to November 1, 1987, allows courts to correct an illegal sentence at any time,[3] and Fed.R.Crim.P. 54(a) provides that the Federal Rules of Criminal Procedure apply in all federal courts, including the courts of appeals. It follows that this court may correct petitioner's illegal sentence at any time. Accordingly, the judgment of the district court revoking the special parole term will be reversed and the case remanded with directions to the district court to reinstate the term.

We acknowledge that in directing the district court to reimpose the special parole term, we are directing it to reimpose the sentence that it originally imposed in its amended order of April 9, 1985. As noted, this amended sentence was imposed in an illegal manner because petitioner was not present. However, this does not pose a problem because we presume that on remand the district court will impose the special parole term in petitioner's presence, thus imposing it in a legal manner.

---

**1.** 21 U.S.C. § 841(b)(1)(B) was amended by the Anti–Drug Abuse Act of 1986, Pub.L. 99–570 § 1004(a), 100 Stat. 3207, 3207–6 (1986), to delete this requirement and substitute for it a mandatory term of supervised release.

**2.** In the ordinary course, the district court would advise a defendant who is pleading guilty

of the possibility of a term of special parole at this hearing, as it is required to do by Fed.R. Crim.P. 11(c)(1).

**3.** *See United States v. Nino,* 878 F.2d 101, 102 n. 1 (3d Cir.1989); *United States v. Heubel,* 864 F.2d 1104, 1108 (3d Cir.1989).

 Furthermore, the district court erred by revoking petitioner's sentence of special parole in response to his habeas petition. The district court erred for two reasons. First, petitioner did not seek this relief in his habeas petition, and ordinarily the district court should not award relief which the parties before it do not request.[4] Second, even if petitioner had requested in his petition that the special parole be rescinded, habeas relief is only available to protect against a fundamental defect which inherently results in a complete miscarriage of justice, *see* discussion *infra,* typescript opinion at 506, and because the term of special parole is mandatory, the failure of petitioner to be present does not give rise to such an event.

### III.

Having concluded that the district court erred by revoking the special parole term, we turn next to consider whether the district court erred by not vacating petitioner's guilty plea as unknowing and involuntary since it could not be established that he had been advised of a mandatory special parole term prior to entering the plea.

### A.

 Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 *reh'g denied,* 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962); *United States v. Horsley,* 599 F.2d 1265, 1268 (3d Cir.) (in banc), *cert. denied,* 444 U.S. 865, 100 S.Ct. 135, 62 L.Ed.2d 88 (1979). Accordingly, petitioner must establish that

such an event has occurred in order to be successful on his claim.

Fed.R.Crim.P. 11(c) and (c)(1) provide:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, *and the maximum possible penalty provided by law, including the effect of any special parole term* or term of supervised release and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; ....

(Emphasis added.)

Here, as we have discussed, the government concedes that it cannot establish that at the time petitioner pled guilty he was advised of the possibility of a term of special parole by the district court. Accordingly, we will presume that the district court did not comply with Rule 11, and the issue we must decide is whether that presumed omission constituted a complete miscarriage of justice such as to warrant the granting of habeas relief.

### B.

The Supreme Court was faced with a similar situation in *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In *Timmreck,* the defendant, Charles Timmreck, pled guilty to a federal drug offense. Upon accepting the defendant's plea, the district court explained to him that he could receive a fifteen-year prison sentence and a $25,000 fine. However, it failed to mention a mandatory special parole term of at least three years required by statute. The defendant

---

4. We acknowledge that under Fed.R.Crim.P. 35, as it applies to offenses committed prior to November 1, 1987, *see* footnote 3 and surrounding text, *supra,* district courts may *sua sponte* correct illegal sentences at any time. However, the present sentence was not an illegal sentence but, rather, a sentence imposed in an illegal manner, and the same rule provides that such sentences may only be corrected within 120 days of their imposition. *See generally United States v. Katzin,* 824 F.2d 234, 237 (3d Cir.1987). As discussed *supra,* typescript opinion at 505, petitioner did not file his habeas petition until three-and-one-half years after the order amending his sentence to include the special parole term was filed.

was subsequently sentenced to ten years in prison, a five-year special parole term, and a $5,000 fine. The defendant later filed a habeas corpus petition, asserting that his sentence should be vacated because the district court had not complied with Rule 11.

The Supreme Court concluded that Timmreck's petition must fail. It noted that he had not alleged that he was actually unaware of the special parole term or that, if he had been properly advised by the district court, he would not have pled guilty. *Timmreck* at 784, 99 S.Ct. at 2087. It noted, rather, that Timmreck's only claim was that there was a technical violation of Rule 11. That, it concluded, was not a fundamental defect inherently resulting in a complete miscarriage of justice or an omission inconsistent with rudimentary demands of fair procedure. Accordingly, it concluded that it was not a basis for granting habeas relief. *Id.* at 784–85, 99 S.Ct. at 2087–88. The Supreme Court left open, however, the question of whether habeas relief could be granted in situations where the petitioner alleges that if he had been properly advised he would not have pled guilty.

### C.

Since petitioner in the present case alleges that if he had been properly advised he would not have pled guilty, we must address the issue left open by the Supreme Court in *Timmreck*. In so doing, we conclude initially that the issue is best dealt with by dividing it into three sub-issues, only one of which need be resolved here. The first sub-issue is whether a claim cognizable in habeas may be stated in situations such as the present one, where the total sentence received by the petitioner, including special parole, is equal to or less than the duration of the sentence of which the petitioner was advised before entering his or her guilty plea. The second sub-issue is whether a claim cognizable in habeas may be stated in situations where the total sentence received by the petitioner, including special parole, is greater than the dura-

tion of the sentence of which the petitioner was advised before entering his or her guilty plea.

The third sub-issue is a variant of sub-issue one, and arises because special parole has a unique component not found in traditional parole. This component is the fact that if a convict violates special parole, he or she is returned to prison for the full special parole term with no credit given for the time spent while released on special parole. 21 U.S.C. § 841(c). By contrast, if a convict violates traditional parole, he or she is returned to prison for the duration of his or her parole term, but is given credit for the time spent on parole. Thus, the third sub-issue is whether a claim cognizable in habeas may be stated where the total sentence received by the petitioner, including special parole, is less than or equal to the duration of the sentence about which the petitioner was advised before entering his or her guilty plea, but may be longer if special parole is violated. An example would be a situation in which a petitioner is advised of the possibility of a ten-year sentence prior to entering a guilty plea and thereafter is sentenced to six years' imprisonment and a three-year term of special parole. In this situation, if the petitioner serves the full term of the sentence and violates special parole on its last day, he or she would be returned to prison for three years for a total sentence of twelve years' combined prison and special parole.[5]

We need only resolve the first sub-issue in this case, and thus will leave the other two to be addressed another day. As to the first sub-issue, we conclude that in such situations a prisoner may not maintain a habeas action. We do so because we conclude as a matter of law that a petitioner who has been advised of the possibility of a given sentence but receives instead a sentence of equal or less time in which special parole time is substituted for prison time has not alleged a fundamental defect resulting in a complete miscarriage of justice as is required to sustain a habeas action. We cannot agree with petitioner that the substitution of special parole time for

---

**5.** We note that this was the situation in *Timmreck*.

potential prison time is so egregious as to constitute a miscarriage of justice.[6]

In the present case, petitioner was advised by his plea agreement that he faced a maximum term of imprisonment of ten years. He actually received a sentence of six years in prison and two years' special parole, for a total of eight years. Thus, as we have discussed, he has not alleged a fundamental defect in his conviction and his habeas action may not be sustained. Therefore, the judgment of the district court refusing to vacate petitioner's guilty plea because he had not been advised of the possibility of a special parole term will be affirmed.

### IV.

For all of the foregoing reasons, the judgment of the district court revoking petitioner's special parole term will be reversed and the case remanded to the district court with directions to reinstate the term. The judgment of the district court refusing to vacate petitioner's guilty plea will be affirmed.

---

**6.** Indeed, we can surmise that most people convicted of a crime would greatly prefer to serve time on special parole rather than time in prison.