919 F.2d 13
 The UNITED STATES
v.
Ghassan L. AMMAR, Neal Roger McFayden, John C. Welkie,
Judith Ammar, Ibraham Ammar, Abedeen Ammar, Naim
Dahabi, Charles Rossi, Michael Dugan,
and Marshall Stillman.
Appeal of Neal Roger McFAYDEN.
 No. 90-3011.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
April 16, 1990.
Decided Nov. 19, 1990.
 
 Neal Roger McFayden, Montgomery, Ala., pro se.
 Paul J. Brysh, Office of the U.S. Atty., Pittsburgh, Pa., for appellee.
 Before SLOVITER, HUTCHINSON, and NYGAARD, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Appellant Neal Roger McFayden appeals from the order of the district court denying his petition for a writ of habeas corpus, which the court considered as a Motion to Vacate, Correct or Set Aside Sentence relative to the term of special parole.
 
 I.
 
 2
 McFayden was convicted in 1981 in the United States District Court for the Western District of Pennsylvania of two counts of conspiracy and three counts of distribution of heroin in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to five eight-year terms of imprisonment on these offenses, all terms of imprisonment to run concurrently. Although a special term of parole was mandatory for convictions under 21 U.S.C. Sec. 841(a)(1), the sentencing judge failed to impose the required three-year term of special parole. After the death of the sentencing judge, the district judge to whom the matter was transferred amended the sentence on December 18, 1984 to include the mandatory three-year special parole term on the three section 841(a) counts, to run concurrently.
 
 
 3
 On September 15, 1989, McFayden filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 in the United States District Court for the Middle District of Alabama, where he was serving his sentence. In the petition, McFayden asserted that (1) it was the intention of the original sentencing judge to impose a sentence that did not exceed eight years as to any count; (2) he was not given notice that he would be resentenced to the special parole terms; (3) he was not afforded his Sixth Amendment right to counsel for the purpose of the resentencing; and (4) he was not afforded his right to be present at the resentencing. Although he did not expressly request that the court vacate his sentence to the extent it included the special parole terms, it would appear that this is the relief he sought. He contended that his "eight year term of imprisonment was exacted as of July 31, 1988" and that the special parole terms imposed by the district court in 1984 were invalid.
 
 
 4
 The court construed the petition as filed pursuant to 28 U.S.C. Sec. 2255 and transferred the petition to the United States District Court for the Western District of Pennsylvania. By order entered November 16, 1989, that court denied the petition, which it also treated as filed under section 2255.
 
 
 5
 McFayden filed a timely notice of appeal. Thereafter, he filed in the district court a motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35. The district court appointed the federal public defender to represent McFayden and set a resentencing hearing for April 20, 1990, which was rescheduled for May 31, 1990. In light of the possibility of resentencing which might have mooted the issue on appeal, this court held the matter c.a.v.[1] However, in lieu of resentencing, the district court entered an order on May 30, 1990 denying McFayden's Rule 35 motion on the ground that it was not filed within the time period set by former Rule 35(a).[2]
 
 
 6
 Inasmuch as there has been no resentencing, this court must now turn to the issue presented by the appeal.
 
 II.
 
 7
 McFayden's principal contention is that the amended sentence adding the special parole term was imposed in an illegal manner because he was not present as required by Rule 43(a) of the Federal Rules of Criminal Procedure. We agree.
 
 
 8
 Federal Rule of Criminal Procedure 43 provides, in pertinent part:
 
 
 9
 (a) Presence Required. The Defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
 
 
 10
 ....
 
 
 11
 (c) Presence Not Required. A defendant need not be present in the following situations:
 
 
 12
 ....
 
 
 13
 (4) At a reduction of sentence under Rule 35.
 
 
 14
 Fed.R.Crim.P. 43(a) and (c)(4) (emphasis added).
 
 
 15
 Amendment of a sentence outside of the defendant's presence, even if made to correct a sentence that fails to include a special parole term required under 21 U.S.C. Sec. 841, is imposed in an illegal manner because it failed to meet the requirement of Rule 43(a). United States v. DeLuca, 889 F.2d 503, 505 (3d Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990). However, we must consider as an initial matter whether McFayden can raise this issue under 28 U.S.C. Sec. 2255. The circuits are divided on this point.
 
 
 16
 Two courts have held that a prisoner's claim that his sentence was imposed in an illegal manner because he was not present at the imposition of a special parole term may be brought in a habeas proceeding; two others have held this defect does not rise to the level of a fundamental defect.
 
 
 17
 In Caille v. United States, 487 F.2d 614 (5th Cir.1973), the court found cognizable under 28 U.S.C. Sec. 2255 a prisoner's claim that his sentence was imposed in an illegal manner because he was not present when the district court added the mandatory three-year special parole term required under 21 U.S.C. Sec. 841(b). The court, noting that defendant had the right to be present under Rule 43, held this claim to be cognizable on a Sec. 2255 petition because the addition of a three-year term made the new sentence more onerous. Id. at 616. Although the special parole term imposed was the minimum authorized by the statute, the court of appeals held that the imposition of parole was not simply a "ministerial act." It reasoned that, "[i]f the district court had been aware at the time of sentencing that the special parole term must be imposed, it may well be that a shorter prison term would have been awarded." Id. The court remanded for resentencing with the petitioner present.
 
 
 18
 A similar conclusion was reached in Hazelwood v. Arnold, 539 F.2d 1031 (4th Cir.1976) (per curiam), under almost identical circumstances. In emphasizing that a "defendant has the right ... not to be sentenced for a felony in absentia," id. at 1033, the court held that a defendant whose special parole term was added while his appeal was pending can collaterally attack his sentence under Sec. 2255.
 
 
 19
 The position of two circuits is to the contrary. In Bontkowski v. United States, 850 F.2d 306, 312 (7th Cir.1988), the court, relying on the principle that only "fundamental defects" resulting in a "miscarriage of justice" can provide a basis for collateral attack under Sec. 2255, see Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), concluded that "the defendant's presence is not required.... Nothing the defendant could say would aid the court in modifying a sentence to conform to mandatory statutory requirements.... [M]odification of a sentence to include a mandatory special parole term does not provide a basis for a collateral attack." Id. This holding was consistent with the Ninth Circuit's opinion in United States v. Connolly, 618 F.2d 553 (9th Cir.1980).
 
 
 20
 This court has never directly considered this issue. There is language in DeLuca that distinguishes between an illegal sentence, such as a sentence under Sec. 841(b)(1) without a mandatory special parole term, and a sentence imposed in an illegal manner, i.e., in violation of Rule 43 because imposed in defendant's absence, and suggests that only the former warrants habeas relief. 889 F.2d at 506 & n. 4. However, because the court in DeLuca was dealing with an illegal sentence, raised in the context of a petitioner's claim that his guilty plea must be vacated because he was not advised of the mandatory special parole term, our suggestion as to the nonapplicability of habeas to a claim that a sentence was imposed in an illegal manner was dictum. Instead, the relevant holding in DeLuca was that a defendant who had been advised before pleading guilty that he faced a maximum term of ten years in prison, and who was sentenced thereafter to a six-year term, enhanced by the two-year mandatory special parole in his absence, cannot maintain a habeas action complaining that his guilty plea was involuntary. We held that in these circumstances the failure to advise him of the mandatory special parole was not a "fundamental defect resulting in a complete miscarriage of justice." Id. at 507.
 
 
 21
 We did not take into account in DeLuca the consideration regarding the illegal manner of sentencing that the Fourth and Fifth Circuits found dispositive, i.e., that the petitioner should have the opportunity to present to the district court his contention that the original intent may have been to impose a sentence which would have included within the number of years given any mandatory special parole. We deem the possibility of error as to the length of sentence that was intended to be a fundamental defect cognizable under 28 U.S.C. Sec. 2255.
 
 
 22
 Because the revised sentence was imposed in an illegal manner, petitioner should have the opportunity to have the sentence vacated and reimposed in his presence. We recognize that in this case, because the original sentencing judge is deceased, it will be difficult to argue about the judge's intent, but we will not foreclose petitioner from having that opportunity. Nevertheless, because the sentence is legal as it stands, we see no reason to vacate it. We will, however, remand so that the district court can set a date for resentencing at which McFayden may be present. At that time, the court may vacate the original sentence and impose a shorter term if McFayden shows convincingly that is consistent with the original intent.
 
 
 23
 In correspondence to this court, petitioner has suggested that he is reluctant to travel from Florida where he is currently working and participating in a "rational behavior training program," a weekly counselor interview, and regular urine testing.[3] That decision is up to petitioner. Although sentencing in absentia should be reserved for extraordinary circumstances, under certain circumstances a defendant may waive his right to be present. See United States v. Brown, 456 F.2d 1112, 1113 (5th Cir.1972); see also United States v. DeValle, 894 F.2d 133, 137-38 & n. 2 (5th Cir.1990). Moreover, we are not directing the district court to resentence McFayden, but are merely remanding so that the district court can give McFayden the opportunity to be resentenced in his presence if he shows that a different sentence is appropriate. If McFayden chooses not to accept that opportunity after notification by the district court, the legal sentence, albeit imposed in McFayden's absence, may stand.
 
 
 24
 For the reasons set forth above, we will remand this matter to the district court for further proceedings in accordance with this opinion.[4]
 
 
 
 [1]
 C.A.V. is an abreviation for curia advisari vult, which Black's Law Dictionary defines as "the court will be advised."
 
 
 [2]
 McFayden filed a motion for reconsideration of that order on June 11, 1990. The district court denied that motion by order entered June 13, 1990. McFayden filed a notice of appeal from that order on June 22, 1990, which is pending before another panel of this court
 
 
 [3]
 McFayden wrote, inter alia, that requirement of "my presence in a courtroom in Northwestern Pennsylvania [would entail] consequently the loss of my job and the burden of travel and lodging expenses to and from there." Letter of May 18, 1990 to the court. Having chosen to maintain this action and appeal, McFayden cannot now complain about the burdens of success
 
 
 [4]
 Judge Hutchinson would affirm the district court's order because he believes the decision of this court in DeLuca is controlling on the issue of whether an accused's absence when a mandatory term of special parole is imposed is not a fundamental defect. United States v. DeLuca, 889 F.2d 503, 506 (3d Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990). See also Bontkowski v. United States, 850 F.2d 306, 312 (7th Cir.1988); United States v. Connolly, 618 F.2d 553 (9th Cir.1980). Moreover, he believes that even if the sentencing defect is "fundamental" and so an express waiver of the right to be present at sentencing is required, this petitioner's stated reluctance to come to Pennsylvania for resentencing is conduct from which an express waiver could be inferred