USCA1 Opinion

 

 June 24, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2136 DAVID MALGERI, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr, and Lynch, Circuit Judges. ______________ ____________________ David Malgeri on brief pro se. _____________ Donald K. Stern, United States Attorney, Donald L. Cabell, _________________ __________________ Assistant U.S. Attorney. ____________________ ____________________ Per Curiam. Pro se petitioner David Malgeri appeals a __________ ___ __ district court order that summarily denied his motion to set aside his conviction and withdraw his guilty plea under 28 U.S.C. 2255. Malgeri pled guilty to attempting to rob a federally insured bank in violation of 18 U.S.C. 2, 2113(a), and to using and carrying a firearm during that attempt in violation of 18 U.S.C. 924(c). He contends that his plea was not knowing and voluntary because the district court failed to warn him about supervised release and its effect during his Rule 11 hearing. In an apparent effort to distinguish this case from United States v. Timmreck, 441 ______________ ________ U.S. 780 (1979)(holding that 2255 relief was not available to a prisoner who alleged that the district court failed to advise him of a mandatory special parole term in violation of Rule 11), Malgeri avers that he was wholly unaware of supervised release and its effect throughout the entire district court proceedings and that he would not have pled guilty had he been advised of supervised release. Relying on Timmreck, the district court concluded that ________ Malgeri failed to state a cognizable habeas claim. We agree. We reject Malgeri's contention that the district court erred in holding that he had failed to allege a constitutional error. Malgeri cannot convert a technical Rule 11 violation into a constitutional error simply by averring that he was otherwise unaware of supervised release and would not have -2- pled guilty had he been so aware. See, e.g., Lucas v. United ___ ____ _____ ______ States, 963 F.2d 8, 12-15 (2d Cir. 1992); United States v. ______ _____________ Holloway, 960 F.2d 1348, 1352-54 (8th Cir. 1992); United ________ ______ States v. DeLuca, 889 F.2d 503, 507-08 (3d Cir. 1989).1 1 ______ ______ Malgeri also argues that he is entitled to relief from his firearm conviction because he did not "use" a firearm as that term is construed in Bailey v. United States, 116 S. ______ _____________ Ct. 501 (1995). The record discloses that Malgeri's conviction is fully supportable on the ground that he carried the firearm. See United States v. Ramirez-Ferrer, 82 F.3d _____ _____________ ______________ 1149, 1152 (1st Cir. 1996). Thus, Bailey provides no basis ______ for relief. In view of the foregoing, the judgment of the district court is summarily affirmed. See Local Rule 27.1. ________ ___  ____________________ 1Malgeri also claims that he was prejudiced because the 1 plea colloquy misled him to believe that his sentence would not exceed the 93-101 month guideline sentencing range (GSR) that the prosecutor identified in response to the court's questioning. The record refutes this claim. Malgeri pled guilty pursuant to an open plea agreement that left his sentence entirely within the court's discretion within the statutory maximum available under the law. Malgeri affirmed that he had not been promised a particular sentence at the Rule 11 hearing. The court's questions concerning the applicable GSR in no way imported a promise that Malgeri's sentence would not exceed that range. Thus, Malgeri was not prejudiced by the plea colloquy.  -3-