

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2000

# United States v Faulks

Precedential or Non-Precedential:

Docket 98-2061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v Faulks" (2000). *2000 Decisions.* Paper 10.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/10

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 18, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-2061

UNITED STATES OF AMERICA

v.

JUAN FAULKS, Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 96-cr-00299-1)
District Judge: Honorable Charles R. Weiner

Argued: November 4, 1999

Before: BECKER, Chief Judge, GREENBERG, and
CUDAHY,* Circuit Judges.

(Filed: January 18, 2000)

>       PETER GOLDBERGER, ESQUIRE
>        (ARGUED)
>       Law Office of Peter Goldberger
>       50 Rittenhouse Place
>       Ardmore, PA 19003-2276
>
>       Counsel for Appellant

_____

* Honorable Richard D. Cudahy, United States Circuit Judge for the
Seventh Circuit, sitting by designation.

MICHAEL R. STILES, ESQUIRE
United States Attorney
WALTER S. BATTY, JR., ESQUIRE
  (ARGUED)
Assistant United States Attorney
Chief of Appeals
EMILY McKILLIP, ESQUIRE
  (ARGUED)
Assistant United States Attorney
PATRICIA A. ROSSI, ESQUIRE
Assistant United States Attorney
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Appellee

OPINION OF THE COURT

BECKER, Chief Judge.

This is a second sentencing appeal. The panel in the first appeal reversed the initial sentence and remanded for proceedings on defendant Juan Faulks's application for a downward departure for extraordinary acceptance of responsibility. The District Court thereupon held a full hearing and rejected the request for a downward departure in a written opinion. This appeal requires us to decide whether Faulks's sentencing must be returned to the District Court for a third time because that court, which imposed the new sentence by a written judgment, did so in Faulks's absence. We answer the question in the affirmative, and hold that Faulks must be resentenced in person, notwithstanding that in an ancillary proceeding after the new sentence was imposed, the District Court informed Faulks in open Court of the sentence it already had imposed.

We also conclude that neither: (1) the delivery of that information in open court; nor (2) the unlikelihood that pronouncement of the sentence in open court in the defendant's presence would have yielded a different

2

sentence renders the error of pronouncement of sentence in absentia harmless. In our view, the notion that the sentencing court must "eyeball" the defendant at the instant it exercises its most important judicial responsibility, whose daunting character has not been eliminated by the Sentencing Reform Act and the Sentencing Guidelines, is far from a formality. Rather, it is the embodiment of a value deeply embedded in our polity (and our jurisprudence).

Although the District Court appears to have had a settled view of this case, we are satisfied that it will re-visit the matter with a completely open mind at the de novo resentencing that must now take place, perforce with an updated presentence report. We therefore reject the defendant's contention that we should remand for sentencing before a different judge.

I.

Pursuant to a plea agreement, Faulks pled guilty to cocaine distribution, money laundering, and criminal forfeiture of real property. The Government agreed to dismiss remaining counts of criminal forfeiture in exchange for Faulks's acquiescence in the administrative forfeiture of personal property described in the indictment. The prosecution also agreed to move for a downward departure under U.S.S.G. S 5K1.1 if Faulks provided substantial assistance in the prosecution of another offender. The Presentence Investigation Report calculated the sentencing guideline range for Faulks to be 87 to 108 months imprisonment. The District Court sentenced him to 95 months. A panel of this Court upheld the District Court's decision to impose a sentence within the guideline range, even though the court claimed to have granted the government's motion to depart below it. This Court interpreted the District Court's statement on granting the downward departure as harmless error. See United States v. Faulks, 143 F.3d 133, 137 (3d Cir. 1998).

Notwithstanding its approval of the District Court's treatment of the departure request, the panel reversed the judgment and remanded for consideration of whether

3

Faulks, who had already received a three-level decrease under S 3E1.1 for acceptance of responsibility, deserved a departure under S 5K2.0 in view of his claim that his voluntary waiver of meritorious defenses to forfeiture constituted an "extraordinary" acceptance of responsibility. The District Court did not permit Faulks to build a record on this claim because it concluded that Faulks's plea agreement did not, in fact, foreclose him from contesting the civil forfeiture. The panel disagreed. Though the panel expressed doubt that Faulks's waiver merited a departure for extraordinary acceptance of responsibility, it opined that Faulks deserved the opportunity to develop a record on the claim. See id. at 138.

On remand, the District Court considered both Faulks's request for a departure based on his agreement not to contest the forfeitures and new claims of post-conviction rehabilitation. After receiving submissions and conducting a hearing, the District Court denied the motion. Faulks spoke at the hearing, was questioned by the Court, and his counsel later filed a supplemental memorandum. At the hearing, Faulks's attorney did not complain that Faulks's ability to speak to the court was inadequate or curtailed in any manner. As the hearing was ending, defense counsel noted that Faulks had a right to be present when the sentencing decision was issued. Despite the District Court's statement that it would probably announce its decision orally as well as by written form, it made its ruling via a memorandum opinion and order in Faulks's absence.

This appeal followed. Though the District Court's order is styled as a denial of Faulks's motion for a downward departure, it is plainly the final order of the District Court in this matter, as the District Court viewed the prior sentence as remaining in effect. We therefore have appellate jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742. After the notice of appeal was filed, and jurisdiction over this case was in this Court, the District Court announced its ruling in Faulks's presence.

4

II.

A.

In remanding the matter to the District Court, the prior panel "reversed" its judgment of sentence. The parties agree that the prior panel must be seen as directing a full resentencing.1 Rule 43(a) of the Federal Rules of Criminal Procedure states in no uncertain terms that "[t]he defendant shall be present . . . at the imposition of sentence . . . ." The rule makes an exception for situations in which the proceeding involves a reduction or correction of sentence under Federal Rule of Criminal Procedure 35(b) or (c) or 18 U.S.C. S 3582(c). These exceptions are not applicable in this case. It is clear therefore that the District Court should have given its decision in open court with Faulks present. The government concedes this point. See Brief of Appellee at 13. The only question is what the remedy should be. The government maintains that Faulks has already received an adequate remedy, and that nothing more need be done other than the filing of a new judgment. We disagree.

We begin our analysis by noting that "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." Illinois v. Allen, 397 U.S. 337, 338 (1970) (citing Lewis v. United States, 146 U.S. 370 (1892)). The oral pronouncement of sentence in the defendant's

_____

1. The government points out that it could have sought clarification of the prior panel's mandate in order to explore further whether full resentencing was indeed required. It concedes, however, that it did not and that under the circumstances, Faulks's presence was indeed required when the District Court announced its decision in this case. See Brief of Appellee at 13 & n.2. We think this concession appropriate in light of the District Court's error in not allowing Faulks to build a record on his claimed extraordinary acceptance of responsibility. A result of the remand, therefore, was the District Court's having additional facts on which the discretionary aspects of its decision could be based. As discussed below, evidence of Faulks's acceptance of responsibility could have affected the District Court's determination of the appropriate sentence within the guidelines range even if the motion to depart was not granted.

5

presence is therefore of special importance. A long line of cases provides that when the two sentences are in conflict, the oral pronouncement prevails over the written judgment. See, e.g., United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991); United States v. Daddino, 5 F.3d 262, 266 n.5 (7th Cir. 1993) (collecting cases); United States v. A-Abras, Inc., 185 F.3d 26, 29 (2d Cir. 1999). Thus, Rule 43's requirement that the defendant be present at the imposition of sentence is not a meaningless formality. Rather, as we have observed supra at page 3, it is a fundamental procedural guarantee that places the defendant before the judge at a culminating moment of the criminal judicial process.

In the past, this Court has ordered resentencing in the defendant's presence as a remedy for a violation of Rule 43. See Wilmore v. United States, 565 F.2d 269 (3d Cir. 1977). Faulks's case, however, involves an otherwise valid judgment of sentence that was reversed for resentencing on one specific issue. Nothing in the record suggests that the first sentencing order did not conform with Rule 43's requirements. There is therefore a question whether vacatur and remand is proper under these circumstances.

United States v. Moree, 928 F.2d 654 (5th Cir. 1991), involves analogous facts. In Moree, the Court of Appeals vacated a district court's sentence and remanded because of a misapplication of the Sentencing Guidelines. See id. at 655. On remand, the district court adjusted the sentence downward, but sentenced the defendant in absentia. See id. The Court of Appeals for the Fifth Circuit vacated the new sentence and remanded again. See id. at 656. The court noted that there is a significant difference between an appellate court's order to modify an existing sentence and the imposition of a new sentence after the first has been vacated. See id. at 655. It conceived the latter circumstance as presenting the need for the same constitutional and statutory protections a defendant receives when being sentenced by a judge exercising discretion. Quoting Justice Harlan, the court observed:

> [T]he requirements of criminal justice . . . leave no doubt of [the defendant's] right to be present when a final determination of sentence is made. . . . Even if he

6

> has spoken earlier, a defendant has no assurance that
> when the time comes for final sentence the district
> judge will remember the defendant's words in his
> absence and give them due weight. Moreover, only at
> the final sentencing can the defendant respond to a
> definitive decision of the judge.

Id. at 656 (quoting United States v. Behrens, 375 U.S. 162, 167-68 (1963) (Harlan, J., concurring in the result)). We agree. The defendant's presence at sentencing is a deeply rooted procedural protection and no mere formality. We see no reason why that principle should not carry full force at a resentencing.

We therefore conclude that Moree is both persuasive and directly applicable. The previous panel "reversed," effectively vacating the sentence without directing a particular result. Cf. Moree, 928 F.2d at 656 ("[T]he mandate rendered [defendant's] previous sentence null and void. While we might have fashioned the mandate differently, we did not; the vacatur is the law of the case . . . ."). The District Court therefore had discretion on remand in imposing a sentence. This case, therefore, is distinguishable from those in which courts have ruled that procedural protections are less important when resentencing decisions on remand are not discretionary. See United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996) (holding defendant's presence unnecessary when resentencing is a nondiscretionary correction of the original sentence); cf. United States v. Tamayo, 80 F.3d 1514 (11th Cir. 1996) (declaring district court's failure to give defendant opportunity to allocute was not an error when issue on resentencing was limited to a question of law and defendant did not request allocution despite presence in court); United States v. Nolley, 27 F.3d 80 (4th Cir. 1994) (holding harmless any error in failing to have defendant represented by counsel at resentencing when resentencing was to conform to specific mandate from appeals court and any sentence other than that imposed would have constituted reversible error). Faulks should therefore receive a sentence in conformance with Rule 43, i.e., one imposed in his presence.2 In opposing Faulks's

_____

2. Our ruling is consistent with United States v. Ammar, 919 F.2d 13 (3d Cir. 1990). In Ammar, a defendant received a sentence without a three-

7

petition, the government claims that Faulks has already received an adequate remedy through the District Court's announcing its decision in Faulks's presence after the filing of the notice of appeal. This argument hints at harmless error analysis. Although this Court has previously applied harmless error analysis to a Rule 43 case in the context of voir dire of a jury, see United States v. Alessandrello, 637 F.2d 131 (3d Cir. 1980), we do not think it appropriate in this case.3

_____

year special parole term that was required by the statute under which he was convicted. See id. at 14. After the death of the sentencing judge, the case was transferred to another judge who amended the sentence to include the mandatory term without the defendant present. See id. The defendant sought a writ of habeas corpus, claiming that the original judge did not intend the defendant to have so long a sentence.

This Court concluded that the amended sentence was imposed improperly. See id. at 15. It went on to state:

> Because the revised sentence was imposed in an illegal manner,
> petitioner should have the opportunity to have the sentence vacated
> and reimposed in his presence. We recognize that in this case,
> because the original sentencing judge is deceased, it will be difficult
> to argue about the judge's intent, but we will not foreclose petitioner
> from having that opportunity. Nevertheless, because the sentence is
> legal as it stands, we see no reason to vacate it. We will, however,
> remand so that the district court can set a date for resentencing at
> which [defendant] may be present. At that time, the court may
> vacate the original sentence and impose a shorter term if [defendant]
> shows convincingly that is consistent with the original intent.

Id. at 16. Ammar does not clarify when vacatur based on a violation of Rule 43 is necessary. Though we did not direct an actual resentencing, Ammar is distinguishable from the current facts because Ammar's initial proceeding involved the mandatory amendment of a sentence, not a vacatur or reversal. Even then, an opportunity for resentencing in defendant's presence was indicated. In Faulks's case, in contrast, the proceeding that we review involved the reversal of Faulks's first sentence by a prior panel, which requires de novo resentencing. Therefore there is not a simple correction of a sentence, but a new sentence altogether. Ammar is thus consistent with requiring another remand to the District Court for resentencing.

3. One other court has applied harmless error analysis in an analogous case. In United States v. Huntley, 535 F.2d 1400, 1404 (5th Cir. 1976),

Because the government does not argue harmless error despite the availability of Federal Rule of Criminal Procedure 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."), it has not even attempted to meet its burden of establishing the error's harmlessness. See O'Neal v. McAninch, 513 U.S. 432, 437–38 (1995). We can employ harmless error analysis sua sponte. See United States v. McLaughlin, 126 F.3d 130, 135 (3d Cir. 1997) (discussing court discretion to raise harmless error of erroneous admission of evidence). However, this is an inappropriate case to do so given both that a reversal will not lead to drawn out proceedings and that, as discussed below, we cannot know with sufficient certainty that the error was harmless. See id.

Even if we were to employ harmless error analysis, resentencing remains appropriate. The Rule 43 error in this case implicates constitutional concerns, see United States v. Bertoli, 40 F.3d 1384, 1397 (3d Cir. 1994) ("The due process clause of the Fifth Amendment grants criminal defendants the `right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings . . . .' " (quoting Faretta v. California, 422 U.S. 806, 819 n.15 (1975))), making the establishment of harmlessness more difficult. Given that there are still significant discretionary elements in the sentencing decision of the District Court, we cannot be sure that "there is no reasonable possibility," Alessandrello, 637 F.2d at 139, that the District Judge's failure to impose Faulks's sentence in his presence had no effect on the duration of the sentence imposed.

We also cannot say that the District Court's announcing its decision in Faulks's presence after it lost jurisdiction over the matter is an adequate remedy. To be sure, it is

_____

the court found that a judge's rendering a judgment of conviction out of the defendants' presence to be a harmless error. That court, however, cautioned that courts should avoid judgments in absentia, see id., and Moree, which arose later in the same circuit, did not engage in similar analysis in its mandating a resentencing.

9

unlikely that resentencing in Faulks's presence will have an effect given that remand concerned an issue on which the District Court decided against the defendant. But the responsibility confronting a district court judge when he or she sentences a convicted defendant is an awesome one. The presence of a defendant may well affect a judge in the discharge of this most solemn of duties, a duty that still survives in an age of cabined discretion in the wake of the Sentencing Guidelines. Even the determination of where to sentence within the guidelines range can mean the difference of months of confinement, an important consideration to a defendant. It is not at all unlikely that a judge may enter court of one mind about what sentence is appropriate in the abstract, only to modify the pronouncement when faced with a live human being in open court.

Perhaps when the District Court faces Faulks, it will consider the evidence presented in the S 5K2.0 proceeding and adjust his sentence within the guidelines range notwithstanding the fact that the S 5K2.0 motion was denied. Perhaps not. But the only way to ensure that Faulks receives the procedural protection of being "eyeballed" by the sentencing judge is to follow the mandate of Rule 43 as it is written. We will therefore vacate the judgment and remand with the direction that the District Court resentence Faulks in full accordance with the applicable Federal Rules of Criminal Procedure. This new sentencing proceeding must, perforce, be de novo.

III.

Faulks also requests that a new judge be assigned his case on remand. We see no reason to so order. The prior panel considered, and rejected, a similar request. We do not see anything in subsequent proceedings to alter this conclusion. Faulks claims that in its interactions with him, the District Court demonstrated an unwillingness to give him a fair hearing. Our review of the record does not persuade us that this is the case.

We acknowledge the considerable force of the argument that a new judge should still be assigned as a prophylactic

10

against a natural tendency for any judge, having once made up his or her mind, to have settled views when told to revisit a sentencing decision for the third time. Given the facts of this case, we are confident, however, that the District Judge will have a completely open mind at resentencing and, after giving Faulks the opportunity for unimpeded allocution, will pronounce a fair sentence.

The judgment of the sentence will be vacated and the case remanded to the District Court for resentencing.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

11