**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4893

CHARLES WESLEY WEIR,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-56)

Submitted: June 27, 2000

Decided: September 14, 2000

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Frederick T. Heblich, Jr., Charlottesville, Virginia, for Appellant.
Robert P. Crouch, Jr., United States Attorney, Julie C. Dudley, Assis-
tant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles W. Weir appeals the district court's order revoking his supervised release and imposing a twelve month sentence. On appeal Weir contends that the district court erred when it revoked his supervised release, sentenced him in absentia, and failed to state reasons for sentencing him to the statutory maximum. After carefully reviewing the record, we affirm the district court's decision to revoke Weir's supervised release, but vacate his sentence and remand so that Weir may be sentenced in open court.

On appeal, Weir contends there was no credible evidence supporting the district court's findings that he violated the conditions of supervised release. We review for an abuse of discretion the district court's decision to revoke a defendant's supervised release. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Under the abuse of discretion standard, we consider whether, upon consideration of the facts and law, the district court's determination was arbitrary or capricious. See United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2000).

We find that because the probation officer specifically instructed Weir to report any change in his financial situation, Weir violated a special condition of his supervised release requiring him to provide all requested financial information when he failed to tell his probation officer: (1) of the progress he made on his website, including the fact that it had blossomed into an incorporated business; (2) of the steps he took to obtain a secure server to acquire credit information from customers, which itself would violate the conditions of his release, and which was made possible by a third party's monetary investment, and (3) of the commissions he accrued from the website. Moreover,

2

the evidence also demonstrated that Weir neither reported money he made by catering a University of Virginia alumni event nor adequately explained "business" losses reflected on his tax return.

We further find that Weir's failure to notify a university student and real estate broker about his prior conviction until after both had already invested significant time or money into developing the website or acquiring a secure server, as well as Weir's failure to tell the probation officer about the real estate broker's involvement, amply demonstrate that Weir violated standard condition #13 of his release, requiring him to notify third parties about the risks of dealing with one convicted of mail fraud. While Weir argues that he did not violate this condition because the probation officer never specifically directed him to notify these two individuals about his prior conviction, this is so only because Weir hid their identities from the probation officer by failing to be forthcoming about his financial activities. Under Weir's logic so long as he effectively hid the existence of business associates from the probation officer, he could never violate this condition of supervised release because the probation officer would never be aware of the need to direct Weir to notify those associates that he had a criminal record. We decline to accept this position, as it is clearly contrary to the mandate of the condition. Accordingly, because sufficient evidence supports the district court's findings, we conclude that the district court did not abuse its discretion by revoking Weir's supervised release.

We agree with Weir, however, that the district court's imposition of a sentence in absentia violated Rule 43 of the Federal Rules of Criminal Procedure. Rule 43 explicitly affords a defendant the right to be present "at every stage of the trial" including the imposition of sentence. See Fed. R. Crim. Pro. 43(a); United States v. Camacho, 955 F.2d 950, 953 (4th Cir. 1992). Rule 43 also applies when the district court imposes a sentence after revoking supervised release. See United States v. Waters, 158 F.3d 933, 942-43 (6th Cir. 1998). Moreover, the courts have found that remand is required when a defendant is sentenced in absentia. See United States v. Faulks, 201 F.3d 208, 210-13 (3rd Cir. 2000); accord United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989); Hazelwood v. Arnold, 539 F.2d 1031, 1033-34 (4th Cir. 1976). We therefore vacate Weir's sentence, and remand so that the district court can impose its sentence in open court. Finally,

3

because Weir's sentence requires vacatur, we find that Weir's remaining argument challenging the length of the court's sentence is moot.*

Accordingly, we affirm the district court's decision to revoke supervised release, but vacate Weir's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED
_____

*Although this issue is now moot, nothing in this opinion should be construed as a comment on the propriety of the district court's decision to sentence Weir at the statutory maximum.

4