UNITED STATES of America,

v.

Carlos TERRY, Appellant.

No. 03–1825.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Jan. 22, 2004.

Decided March 4, 2004.

Francis C. Barbieri, Jr., Office of United States Attorney, Philadelphia, PA, for Appellee.

Neil E. Jokelson, Neil E. Jokelson & Associates, Philadelphia, PA, for Appellant.

Before: ALITO and CHERTOFF, Circuit Judges, and DEBEVOISE,* Senior District Court Judge.

OPINION

CHERTOFF, Circuit Judge.

Appellant Carlos Terry was sentenced to a total prison term of 480 months after being convicted by a jury of six federal narcotics offenses and one firearms charge. Following sentencing, the District Court granted Terry's motion to vacate one count of his conviction and the prison term on that count. In this appeal, Terry argues that the District Court should have conducted a new sentencing hearing on the remaining six counts when it granted the motion to vacate his conviction. We disagree. For the reasons set forth below, we will vacate the District Court's order of March 11, 2003, and remand with instructions to dismiss Terry's motion without prejudice.

---

* Honorable Dickinson R. Debevoise, Senior United States District Judge for the District of New Jersey, sitting by designation.

## I.

On October 4, 1994, Terry was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1); possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 7); use of a telephone to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Counts 35, 37, and 38); carrying and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 53); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 55). On January 5, 1995, the District Court sentenced Terry to 360 months imprisonment on Counts 1, 7, 35, 37, 38, and 55; a consecutive sentence of 120 months on Count 53; five years supervised release; and a special assessment of $350.

On April 23, 1997, Terry filed a timely petition to vacate and set aside his sentence under 28 U.S.C. § 2255. Terry raised a number of claims, including that his conviction was obtained in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); that he was entitled to a new trial because of the ineffective assistance of counsel; that the jury was improperly instructed on one count of his conviction; and, that his conviction on Count 53 under 18 U.S.C. § 924(c) was invalid in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On July 24, 1997, the District Court, without objection by the Government, granted Terry's last claim and issued an order vacating the conviction and 120 month term on Count 53 of the indictment. The District Court denied his remaining claims. Terry's subsequent application for a certificate of appealability and motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) were both denied.

On August 15, 2000, Terry filed a motion for writ of mandamus with this Court, requesting that the District Court resentence him pursuant to its order of July 24, 1997. On August 16, 2000, the District Court issued an amended judgment formally vacating the conviction on Count 53 of the indictment. Accordingly, this Court denied Terry's petition for mandamus as moot on June 22, 2001.

On October 23, 2002, Terry filed another motion in District Court. He argued that the District Court's issuance of an amended judgment on August 16, 2000, constituted a resentencing and that pursuant to Federal Rules of Criminal Procedure 43(a) and 44, he was entitled to be present at such resentencing and have counsel at that hearing. The District Court denied this motion as moot on March 11, 2003. In this appeal, Terry argues that the District Court erred in denying his motion and requests that this Court remand his case for resentencing and a resentencing hearing on the remaining counts.

## II.

This Court has jurisdiction to adjudicate this appeal pursuant to 28 U.S.C. § 1291. We find that the District Court was entitled to dismiss Terry's motion for resentencing. While the District Court denied his motion as moot, the District Court in fact lacked any jurisdiction to address his motion. Terry's request for a resentencing hearing pursuant to Fed.R.Crim.P. 43(a) constituted a successive § 2255 petition. *See, e.g., United States v. Ammar*, 919 F.2d 13, 16 (3d Cir.1990) (finding that a defendant's Fed.R.Crim.P. 43(a) claim is cognizable under 28 U.S.C. § 2255).

Under the Antiterrorism and Effective Death Penalty Act of 1996, appellants must file an application with a Court of Appeals seeking leave to file a second or successive petition. 28 U.S.C. § 2255.

Terry failed to do so.[1] Because Terry failed to obtain leave to file a successive § 2255 petition, the District Court should have dismissed his motion or transferred it to this Court pursuant to 28 U.S.C. § 1631. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir.2002); *Nelson v. United States*, 115 F.3d 136, 136 (2d Cir.1997). Accordingly, we vacate the District Court's order of March 11, 2003, and remand with instructions to dismiss Terry's motion without prejudice.

---

1. This is really Terry's third habeas. Since his conviction in 1994, Terry has filed two § 2255 petitions: in April 1997 and January 2001. Terry's second § 2255 petition of January 2001 was based on the grounds of alleged due process violations and unconstitutional indictment; however, his application was denied by this Court for failure to make a prima facie showing that he met the requirements for filing a second or successive § 2255 motion.