ALD-272                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1104
_____

UNITED STATES OF AMERICA

v.

ADOLPHUS WILLIAM CATO,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-14-cr-00315-001)
District Judge: Wendy Beetlestone
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2018

Before:  MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed October 16, 2018)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Adolphus William Cato, a federal prisoner, appeals from an order of the District Court denying his motion pursuant to Fed. R. Crim. P. 36. For the reasons that follow, we will summarily affirm.

Cato pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, five counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). At sentencing, the District Court applied a 12-level increase to Cato's base offense level of 7. Factoring in other adjustments and a downward departure for acceptance of responsibility, Cato's total offense level was 22 and his criminal history category was III. In light of the fact that the aggravated identity theft conviction required a mandatory consecutive prison term of 24 months, Cato's effective advisory Guidelines range was 75 to 87 months in prison. Cato was sentenced on June 21, 2016 in the United States District Court for the Eastern District of Pennsylvania to "56 months on the bank fraud counts, followed by a mandatory consecutive sentence of 24 months for aggravated identity theft," but the original sentencing transcript stated the total term of imprisonment as "18 months," instead of 80 months. See Docket Entry No. 539, at 86. The mistake was repeated on pp. 92 and 94 of the original transcript. The written criminal Judgment, however, reflected a sentence of 80 months' imprisonment.

Cato appealed, contending that the District Court incorrectly calculated the intended loss amount attributable to him. We rejected this argument as meritless and affirmed, see United States v. Cato, 718 F. App'x 123, 126 (3d Cir. 2017).

2

On December 26, 2017, Cato filed a Rule 36 motion to correct a clerical error in the judgment of sentence. Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."). Cato alleged that, although the written Judgment declared a sentence of imprisonment of 80 months, the transcript of the sentencing hearing showed that the District Court announced a sentence of "18 months." He contended that the sentence imposed in open court controls. Cato attached to his Rule 36 motion affidavits from his mother and brother asserting that they heard the District Judge say "18 months" and not "80 months." In an order entered on January 3, 2018, the District Court denied the motion without explanation. However, eight days later an amended sentencing transcript was filed on the criminal docket, which reflected that the three references to "18 months" in the original transcript had been changed to "80 months." See Docket Entry No. 605.

Cato appeals. Cato filed his pro se brief seeking reversal of the District Court's order denying his motion on the basis that, when a sentenced pronounced in open court conflicts with a written Judgment, the sentence pronounced in open court controls. The Government then moved for leave to be excused from filing a brief and for summary affirmance. Cato has submitted a response in opposition to the Government's motion for summary affirmance and a motion for bail.

We will grant the Government's motion and summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Where an oral sentence and the written Judgment are in conflict, "the oral sentence

3

prevails," see United States v. Faulks, 201 F.3d 208, 211 (3d Cir. 2000) ("[W]hen the two sentences are in conflict, the oral pronouncement [in the defendant's presence] prevails over the written judgment."). Here, however, there is no actual conflict, only a transcription error. Although the District Court did not state its finding in summarily denying Cato's Rule 36 motion, it is apparent that the Court concluded that the original transcript was in error, and that in fact the oral pronouncement of sentence in open court matched the written Judgment.

We have reviewed the original transcript. It reflects that the District Court stated that "pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, Adolphus Cato is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 56 months, on … Counts III, IV, VI, VII and VIII and a term of 56 months on Count I to be served concurrently and 24 months on Count IX to be served consecutively to Counts III, IV, VI, VII and VIII, for a total term of 18 months." See Docket Entry No. 539, at 86. It is obvious from the full statement of the sentence on p. 86 of the original transcript that "18 months" was a transcription error because 56 + 24 equals 80, not 18. See generally United States v, Bennett, 423 F.3d 271, 278 (3d Cir. (2005) (defining clerical error for purposes of Rule 36 as one of "recitation, of the sort that a clerk or amanuensis might commit"). We note that Cato tried but was unsuccessful in obtaining an affidavit from the court reporter in support of his Rule 36 motion.

The District Court thus properly corrected the original transcript, removing any conflict and any basis for the relief requested by Cato in his Rule 36 motion. In his

4

response in opposition to the Government's motion for summary affirmance, Cato states that he has not received a copy of the amended sentencing transcript, but it is attached to the Government's motion for summary affirmance and that pleading was served on Cato by first class mail, according to the attached certificate of service.

For the foregoing reasons, we will grant the Government's motion and will summarily affirm the order of the District Court denying Cato's Rule 36 motion. Cato's motion for bail pending appeal is denied. The Government's motion seeking leave to be excused from filing a brief is granted.