UNITED STATES of America, Appellee,

v.

Howard HORSLEY, Ronald Miller a/k/a Bugs.

**Appeal of Howard HORSLEY.**

**No. 78–2015.**

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1979.

Reargued May 17, 1979.

Decided June 7, 1979.

---

Edward J. Schwabenland, Asst. U. S. Atty. (argued), Robert J. Cindrich, U. S. Atty., Faye M. Gardner, Asst. U. S. Atty., Blair A. Griffith, U. S. Atty., David B. Atkins, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

G. William Bills, Jr. (argued), Sally A. Frick, Pittsburgh, Pa., for appellant.

Argued Jan. 9, 1979

Before HUNTER and GARTH, Circuit Judges, and LAYTON,* District Judge.

Reargued En Banc May 17, 1979

Before SEITZ, Chief Judge, and ALDI-SERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS, GARTH, and HIGGIN-BOTHAM, Circuit Judges.

### OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Howard Horsley appeals from the denial of his habeas corpus petition, which was brought under 28 U.S.C. § 2255 (1976). He contends that at his guilty plea colloquy, he was not advised personally by the district court judge of the nature of the charges against him, or of the consequences of the imposition of a special parole term.[1] Thus, he asserts that his rights under Rule 11 of the Federal Rules of Criminal Procedure were violated, and that he should be entitled to withdraw his original plea and plead

---

* Honorable Caleb R. Layton, 3rd, United States District Judge for the District of Delaware, sitting by designation.

**1.** Horsley also claims that the district court erred in failing to determine whether he under-

stood and consented to the plea bargain negotiated by his attorney on his behalf. We have reviewed this claim and find it to be without merit.

anew. We believe that this case is controlled by *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Therefore, we affirm the denial of his petition.

## I

### FACTS

On June 12, 1975 a two count indictment was returned against Horsley, charging him with conspiracy to distribute heroin and with distribution of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1976). Horsley pleaded guilty to the conspiracy count on April 29, 1976, at which time the district court judge conducted the guilty plea colloquy here challenged. Horsley was sentenced to six years imprisonment, plus a mandatory three year special parole term. He did not appeal from his judgment of conviction.

Fifteen months later, Horsley filed a habeas corpus petition, contending that he was entitled to withdraw his guilty plea because the judge who accepted the plea committed errors in the Rule 11 colloquy. The district court denied him relief.

Horsley's first contention on appeal is that he was not informed by the judge of the nature of the charges against him. His challenge arises out of the following exchanges during the guilty plea colloquy:

By MR. ATKINS [Assistant U.S. Attorney]:

Q. Mr. Horsley, have you received a copy of the indictment?

A. Yeah.

Q. Okay. And have you read it?

A. Yes, I have.

Q. And have you discussed it with your attorney?

A. Yes, I have.

Q. Okay. And do you understand what you are being charged with?

A. Uh-huh.

Q. Okay. Do you want the indictment read to you, or do you waive a formal reading of the indictment?

MR. GAITENS [Defense Counsel]: We will waive the formal reading, your Honor. We have had an opportunity to examine it.

THE COURT: And the Defendant says so too?

THE DEFENDANT: Yes, your Honor.

THE COURT: You know what is in it?

THE DEFENDANT: Yes, sir.

THE COURT: You have talked this over with your attorney?

THE DEFENDANT: I have.

Shortly thereafter, the district court judge again directed questions to the defendant about the indictment.

Q. And do you understand what the indictment says?

A. Yes, sir.

Q. And you do have the help of your counsel in explaining to you what the indictment means?

A. Yes, your Honor.

Q. And what it charges and the consequences of a plea?

A. Yes, sir.

Q. Is that correct?

A. Yes, sir.

The final exchange relating to the indictment occurred as follows:

[BY THE COURT]

Q. And from the presentence report, as I have the record before me, you refused to admit any guilt when questioned by the Probation Officer. Do you still refuse to admit your guilt—

A. No, sir.

Q. (continuing)—to count one here?

A. No, sir.

Q. Then you have changed your mind in that regard?

A. Yes, sir.

Q. And you now say that you are guilty?

A. Yes, sir.

Q. Will you tell the Court why you pleaded guilty?

A. Because I committed a crime.

Q. Sir?

A. Because I collaborated with another—

Q. I don't understand you and I can't hear you. Louder.

A. I say that I pleaded guilty because I was guilty of the charge.

Q. All right, you pleaded guilty because you are guilty?

A. Yes, sir.

Horsley also claims that he was not advised that the special parole term required by 21 U.S.C. §§ 841(b)(1)(A) & 846, was in addition to, rather than instead of, the fine and/or term of imprisonment provided for by the statutes. During the Rule 11 colloquy, the only reference to the special parole term provision was the following:

BY MR. ATKINS:

Q. Mr. Horsley, are you aware that the possible maximum penalty on count one is a fine of not more than $25,000.00 or imprisonment for fifteen years, or both?

A. Yes, sir.

Q. And that it carries with it a three-year special parole term?

A. Yes, sir.

## II.

## DISCUSSION

### A. *The Nature of the Charge*

 The record demonstrates that the district court judge never explained to Horsley "the meaning of the charge and what basic acts must be proved to establish guilt." *Woodward v. United States*, 426 F.2d 959, 962–63 (3d Cir. 1970). The judge thus failed to comply with the requirement of Rule 11 that he "personally" inform the defendant of "the nature of the charge to

which the plea is offered."[2] Horsley does not claim, however, that he did not *in fact* understand the nature of the charge to which he pled, or that, but for the court's failure to comply strictly with the Rule, he would not have pled guilty.[3] Therefore, under the ruling of *United States v. Timmreck*, —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), Horsley is not entitled to collateral relief.

In *Timmreck*, the petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the ground that the district court judge failed to inform him during the Rule 11 colloquy of the existence of the mandatory special parole term required by the applicable statute. The petitioner did not, however, allege any specific prejudice arising out of the asserted violation of the Rule. The Supreme Court denied his claim, holding that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." —— U.S. at ——, 99 S.Ct. at 2088, quoting *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). The Court reasoned that habeas corpus relief is available only to protect against "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." —— U.S. at ——, 99 S.Ct. at 2087, *quoting Hill*, 368 U.S. at 428, 82 S.Ct. 468. And the Court concluded that petitioner could not claim that a "fundamental" defect or omission occurred when he did not "argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty." —— U.S. at ——, 99 S.Ct. at 2087.

---

**2.** Rule 11(c)(1) provides:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant *personally* in open court and inform him of, and determine that he understands, the following:

(1) *the nature of the charge* to which the plea is offered, the mandatory minimum penalty provided by law, if any, *and the maxi-*

*mum possible penalty provided by law.* (emphasis added).

**3.** Indeed, the record establishes that Horsley did read the indictment and discuss it with counsel, that Horsley informed the court that he understood the charge against him, and that Horsley stated that he was pleading guilty because he "collaborated with another," and because he "committed a crime."

■ We are convinced that no principled distinction between *Timmereck* and this case can be drawn. Thus, because Horsley failed to allege specific prejudice[4]—i. e., failed to maintain that he did not understand the nature of the charge to which he pled, or that he would have pled not guilty but for the district court's error—collateral relief is not available to him.

■ At argument, Horsley's counsel relied on *Horsley v. United States*, 583 F.2d 670 (3rd Cir. 1978) (*Horsley I*),[5] which also involved a failure of the district court to comply with Rule 11's "nature of the charge" requirement, and which is factually indistinguishable from this case. In *Horsley I*, we recognized that under *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), a collateral attack cannot be successful unless the petitioner "suffered prejudice" as a result of error by the trial court. 583 F.2d at 672. We held, however, that "prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequences of his action." *Id.* at 673, *quoting Berry v. United States*, 412 F.2d 189, 191 (3d Cir. 1969). Moreover, we created what was in effect an irrebuttable presumption that if the record does not show that the defendant was "apprised of facts that constitute commission of a crime," 583 F.2d at 674 n.6, then the defendant did not, for purposes of Rule 11, understand the nature of the offense to which he pled. In sum, *Horsley I* stands for the proposition that a defendant automatically suffers prejudice whenever the district court fails to comply with the "nature of the charge" provision of Rule 11. We conclude that this approach is inconsistent with *Timmreck*, and therefore we are compelled to reject it.

## B. The Consequences of the Special Parole Term

Horsley also claims that the judge who accepted his guilty plea failed to advise him that the special parole term required by the statute was to be imposed in addition to, rather than in lieu of, a fine, imprisonment or ordinary parole. In addition, although Horsley does not raise this issue on appeal, the record indicates that the existence of the special parole term was mentioned at the colloquy by Assistant U.S. Attorney Atkins, and not by the judge himself.

■ Even assuming, however, that a Rule 11 violation did occur—an assumption which we make for the sake of argument only—Horsley is plainly not entitled to collateral relief. In *Timmreck*, the judge omitted *any mention* during the Rule 11 colloquy of the mandatory special parole term. *See —— U.S. at ——, 99 S.Ct. 2085.* Yet, the Supreme Court held that this omission—surely greater than that which existed here—did not entitle the petitioner to habeas relief absent an allegation of actual prejudice. Because Horsley also failed to go forward with evidence of specific prejudice, *Timmreck* is dispositive of his claim.

## CONCLUSION

The judgment of the district court will be affirmed.

---

4. *Timmreck* plainly stands for the principle that the petitioner has the burden to produce evidence of actual prejudice. *Timmreck* is silent, however, regarding which party has the burden of persuasion if petitioner meets his production burden. We need not decide that question here, because Horsley failed to make any contention of actual prejudice, and because, regardless of which party had the burden of persuasion, the evidence was abundantly clear that Horsley suffered no specific prejudice. *See* note 2 *supra*.

5. Howard Horsley was also the defendant in *Horsley I*, although that case concerned a guilty plea to a different drug related indictment.