Jose **IRRIZARI**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Nos. CIV. A. 00–4133, CR. 98–0203.

United States District Court,
E.D. Pennsylvania.

July 16, 2001.

Jeremy H. Gonzalez Ibrahim, Law Offices of Jeremy H. Gonzalez Ibrahim, Philadelphia, PA, Michael J. Holston, Drinker Biddle & Reath LLP, Philadelphia, PA, Jose Irrizair, White Deer, PA, pro se, for defendant.

## MEMORANDUM

GILES, Chief Judge.

### I. Introduction

Petitioner Jose Irrizari, charged in a five count indictment, pled guilty on June 3, 1998 to Count one, conspiracy with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846. Counts two, three, four, and five were dismissed pursuant to a plea agreement with the government. On September 30, 1998, Jose Irrizari was sentenced to a term of imprisonment of 262

months, 10 years supervised release, a $750.00 fine, and a $100.00 assessment. The third circuit affirmed the judgment of the district court on August 18, 1999.

Now before the court is Jose Irrizari's *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the following grounds (1) ineffective assistance of counsel; (2) violation of Rule 11 of the Federal Rules of Criminal Procedure; and (3) *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the following reasons, the petition is denied without hearing.

## II. Factual Background

At his change of plea hearing, in his plea agreement, in his pre-sentence report, and at his sentencing hearing, Irrizari was correctly informed that he faced a statutory maximum penalty of life imprisonment. The court incorrectly stated that his statutory mandatory minimum sentence was twenty years. In fact, he faced a mandatory minimum of ten years imprisonment.[1] However, he was informed of the correct sentencing guideline range in his pre-sentence report, (Pre-sentence Report at

¶ 53), and at his sentencing, (Sentencing Hr'g Tr. at 9), and ultimately he received a sentence at the lowest end of the guideline range and did not receive a "statutory sentence."

The court determined that Irrizari was a career offender under U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 and as a career offender who was convicted of a crime with a statutory maximum sentence of life imprisonment, Irrizari had an adjusted guideline range of 262 to 327 months. He was sentenced to 262 months. Irrizari never challenged his status as a career offender or the guideline range.

The third circuit affirmed the judgment, rejecting Irrizari's arguments that the government should have moved for a U.S. SENTENCING GUIDELINES MANUAL § 5K1.1 downward departure under the sentencing guidelines and that his guilty plea was not knowing, voluntary, and intelligent because he believed that he was facing a maximum sentence of 20 months rather than 20 years.

On August 15, 2000, Petitioner filed the instant habeas petition. The court ordered the government to answer the peti-

---

**1.** 21 U.S.C. § 846 states that "any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 841(b) sets forth the penalties for possessing with intent to distribute controlled substances.

Laboratory tests determined that Irrizari possessed 1, 993 grams of cocaine even though he had pled guilty to possession with intent to distribute two kilograms of cocaine. (Pre-sentence Report at ¶ 10.) Under § 841(b), the penalty for conspiring to distribute between 500 grams and 5 kilograms of cocaine is not less than 5 years and not more than 40 years and if the person commits such a violation after a prior conviction for a drug felony offense has become final, such person shall be sentenced to a term of imprisonment

of not less than 10 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii).

Irrizari pled guilty to possession with intent to distribute 128 grams of heroin, but subsequent laboratory tests determined that he possessed 97.43 grams of heroin (Pre-sentence Report at ¶¶ 10, 14.) Thus, his sentence for the heroin charge was governed by 21 § U.S.C. 841(b)(1)(C) which states that a person who distributes less than 100 grams of heroin shall be sentenced to a term of imprisonment of not more than 20 years and if any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years. Since Petitioner had a prior felony drug conviction, his maximum sentence was life imprisonment for the cocaine charge and 30 years for the heroin.

tion on March 19, 2000 and the government filed its answer on April 16, 2001.

## IV. Discussion

### A. Legal Standard for a Hearing

In determining whether Petitioner has raised an issue of material fact that necessitates a hearing, the third circuit has long recognized that a *pro se* petitioner's pleadings should be liberally construed to do substantial justice. *See Lewis v. Attorney General,* 878 F.2d 714, 722 (3d Cir. 1989).

The question of whether to order an evidentiary hearing on a 28 U.S.C. § 2255 motion is left to the discretion of the district court. In exercising that discretion, the district court must accept the truth of the defendant's factual allegations unless they are clearly frivolous on the basis of the existing record. *See Government of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). The court must determine whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Government of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir.1994); *United States v. Essig,* 10 F.3d 968, 976 (3d Cir.1993) (If a prisoner's § 2255 petition raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations).

The third circuit stated in *Essig* that a court should decide whether a petitioner has raised an issue of material fact that necessitates a hearing by using a two step inquiry. *Essig,* 10 F.3d at 976. First, if the petitioner is raising an issue for the first time, the court should inquire whether petitioner's failure to raise any objection at sentencing or on direct appeal constitutes a procedural waiver. *Id.* Second, if there is no waiver, the court should then inquire whether petitioner has alleged an error serious enough to warrant consideration under § 2255. *Id.* Only if these two prongs are met does the district court have to hold a hearing to determine if the factual allegations are true.

*Essig* notes that if the error is waived then the court does not reach the question whether the error is serious enough to permit collateral review under § 2255. *Id.* at 976–77. In terms of the seriousness of the error, the third circuit has stated that "[h]abeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca,* 889 F.2d 503, 506 (3d Cir.1989) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

A petitioner is procedurally barred under § 2255 from bringing any claims on collateral review which could have been, but were not, raised on direct review. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Biberfeld,* 957 F.2d 98, 104 (3d Cir.1992). Once claims have been procedurally defaulted, the petitioner can only overcome the procedural bar by showing "cause" for the default and actual "prejudice" from the alleged error or that he is "actually innocent." *Bousley,* 523 U.S. at 621–22, 118 S.Ct. 1604; *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). "Cause" consists of "something external to the petitioner, something that cannot be fairly attributable to him," *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1990), and "prejudice" means that the alleged error "worked to the petitioner's actual and substantial disadvantage." *Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

## B. Ineffective Assistance of Counsel

Petitioner claims that trial counsel was ineffective for the following reasons:[2] (1) failing to object to the application of a sentencing enhancement under 21 U.S.C. § 851 which increased Petitioner's statutory penalties due to a prior felony drug conviction since the government did not provide adequate notice of its intention to seek the sentencing enhancement; (2) failing to ascertain that Petitioner was the person in the prior conviction used to enhance his sentence; (3) failing to object when the court did not engage Petitioner in the 21 U.S.C. § 851(b) colloquy before applying the sentencing enhancement; (4) failing to object to Petitioner's sentence since it exceeded the most lenient statutory maximum sentence for a conspiracy to distribute controlled substance; (5) giving erroneous advice on the consequences of a guilty plea; and (6) allowing the district court, without objection, to sentence Petitioner according to 21 U.S.C. § 841(b)(1)(A) when he did not possess enough drugs to be sentenced under that provision.

■ Even though Petitioner did not raise an ineffective assistance of counsel claim on direct appeal, these claims are not barred from collateral review. In general an ineffective assistance claim which was not raised on direct appeal is not deemed procedurally defaulted for purposes of habeas review and such a claim is properly raised for the first time in the district court under § 2255. *See United States v.*

Garth, 188 F.3d 99, 107 n. 11 (3d Cir. 1999).[3] Thus, the court considers these claims in turn.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two prong test to determine if counsel was constitutionally ineffective. First, the defendant must establish that counsel's performance was deficient—counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. 2052. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. 2052. Attorney competence is to be measured by "reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. Second, the defendant must show that he was actually prejudiced. *Id.* at 694, 104 S.Ct. 2052. This prong requires that the defendant show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner cannot meet this high burden on any of the claims discussed below.

### 1. 21 U.S.C. § 851 Enhancement Claim

Petitioner argues that counsel was ineffective for failing to object to the application of a sentencing enhancement, pursu-

**2.** To the extent that Petitioner attempts to raise any of these claims, independent from the ineffective assistance of counsel context, these claims are procedurally defaulted.

**3.** The third circuit has explained that the general rule that an ineffective assistance claim which was not raised on direct appeal is not deemed procedurally barred is rooted in the

fact that (1) trial counsel is often the same attorney on direct appeal and it would be unrealistic to expect or require that attorney to argue that his performance was constitutionally deficient and (2) resolution of ineffective assistance claims often requires consideration of factual matters outside the record on direct appeal. *Garth,* 188 F.3d at 107 n. 11.

ant to an information filed under 21 U.S.C. § 851(a)(1), which increased his statutory penalties due to a 1991 prior felony drug conviction.[4] Specifically, he claims counsel was ineffective for (1) failing to point out that the government did not provide ade-

4. 21 U.S.C. § 851 states as follows:

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c) Denial; written response; hearing

(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of

the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

(d) Imposition of sentence

(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) Statute of limitations

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years

quate notice of its intention to seek the sentencing enhancement; (2) failing to ascertain that Petitioner was the person in the prior conviction used to enhance his sentence; and (3) not objecting to the court's failure to engage the Petitioner in a requisite colloquy, 21 U.S.C. § 851(b), to apply the sentencing enhancement under 21 U.S.C. § 841(b).[5]

■ First, this court finds that Petitioner received proper notice of the enhancement. The government filed the § 851 information on June 3, 1998. In conformance with 21 U.S.C. § 851(a)(1), the government notified Irrizari that it intended to rely on the 1991 state drug felony before Petitioner pled guilty.[6] Petitioner had nearly four months to file a written objection to the information that the government filed since he had until imposition of the sentence to challenge the prior conviction, 21 U.S.C. § 851(c)(2), and Petitioner was not sentenced until September 30, 2001.

Second, the fact that counsel did not investigate whether Petitioner was the person in the 1991 drug felony is also immaterial since Irrizari has not argued in any of his papers that he is not the person convicted of the 1991 drug felony or that the conviction was unconstitutionally imposed in any way.[7]

Third, although the court did not conduct the colloquy required by 21 U.S.C. § 851(b), inquiring if the defendant affirms or denies that he has been previously convicted, this omission is not material since Irrizari was precluded from challenging his 1991 conviction by 21 U.S.C § 851(e). *See United States v. Rodriguez,* 153 F.Supp.2d 590, 596 (E.D.Pa.2001) (denying petitioner's habeas claim that his sentence was enhanced by a 1987 drug conviction which was unconstitutional, because petitioner's prior conviction occurred more than five years before the government filed the information). Multiple circuits

before the date of the information alleging such prior conviction.

5. Petitioner only raised the issue of the judge's failure to engage in the requisite colloquy in the context of challenging the validity of his guilty plea. Petitioner contends that his guilty plea is invalid because even though he received an enhanced sentence for the prior drug felony, he never admitted to any prior convictions, he did not receive sufficient notice of the information to determine if he should object to the information, and the court failed to engage the Petitioner in the requisite colloquy to apply the § 851 enhancement. (§ 2255 Mot. at 9–10.) However, since the claims involving the guilty plea are procedurally waived because Irrizari did not raise these issues on direct appeal and has not shown cause and prejudice for this default, *Essig,* 10 F.3d at 979, the court will construe the ineffectiveness claim based on violations of § 851, to include the failure of the court to engage Petitioner in the colloquy.

6. Although the 21 U.S.C. § 851 information is date stamped, June 3, 1998, the same day as the guilty plea agreement, Petitioner does not

contend that the information was filed *after* his guilty plea. In addition, the judge's language at the change of plea indicates that the information had been filed since the judge informed Petitioner that he was facing life imprisonment, a sentence exposure which resulted from the filing of the § 851 information. (Change of Plea Tr. at 10.)

7. At the Sentencing Hearing, the judge asked Irrizari if there was anything inaccurate in his pre-sentence report, which discussed both the 1991 drug felony conviction and a 1994 simple assault conviction. (Pre–Sentence Report at ¶¶ 32–33). Petitioner had a lengthy discussion with the judge about the specifics of the simple assault conviction but never mentioned any concern over the accuracy of the account of the 1991 drug felony conviction. (Sentencing Hr'g at 5.) This discussion followed the court's recess of the sentencing hearing so that a Spanish speaking interpreter could read the entire pre-sentence report to Irrizari. (Id.)

have held that a district court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement. *See United States v. Flores*, 5 F.3d 1070, 1081–82 (7th Cir.1993); *United States v. Housley*, 907 F.2d 920, 921–22 (9th Cir. 1990); *United States v. Nanez*, 694 F.2d 405, 412–13 (5th Cir.1982).

Petitioner cites *U.S. v. Arango–Montoya*, 61 F.3d 1331 (7th Cir.1995) for the proposition that even if he is seemingly time barred from challenging the validity of his prior 1991 drug conviction, prior convictions may be challenged under § 851 if they are void of certain constitutional protections. (§ 2255 Mot. at 5–6.) *Arango–Montoya*, relying on *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), stands for the proposition that a petitioner deprived of counsel during his prior felony conviction should be allowed to collaterally challenge the prior conviction used to enhance his sentence exposure even if this challenge is time-barred. *See Arango–Montoya*, 61 F.3d at 1336. This case is not relevant to Petitioner's situation since Petitioner was represented by counsel during his 1991 conviction. (Pre-sentence Report at ¶ 32.) As the above claims have no merit, defense counsel was not ineffective for failing to raise them.

2. *The Claim of Failing to Object Since Petitioner's Sentence Exceeded the Lowest Statutory Maximum Penalty for Conspiracy to Distribute a Controlled Substance*

 The claim that counsel was ineffective for failing to object to Petitioner's sentence, since it exceeded the lowest statutory maximum penalty for a conspiracy to distribute controlled substances, is without merit. Petitioner pled guilty to possession with intent to distribute both 1, 993 grams of cocaine and 97.43 grams of heroin.[8] (Change of Plea Tr. at 4, 14.) Petitioner's sentence did not exceed the statutory maximum penalty for 1, 993 grams of cocaine, which is life if defendant has been convicted of a prior drug felony, 21 U.S.C. § 841(b)(1)(B)(ii), or the statutory maximum penalty for 97.43 grams of heroin which is 30 years if defendant has been convicted of a prior drug felony. 21 U.S.C. § 841(b)(1)(C). As this claim also has no merit, defense counsel was not ineffective for failing to raise it.

3. *The Claim of Erroneous Advice on the Consequences of a Guilty Plea*

 Petitioner claims that his guilty plea is invalid since he decided to enter a plea of guilty based upon counsel's advice of a likely sentence far less than the 262 months he received, (§ 2255 Mot at 6–7), and he would not have pled guilty if his counsel had given him correct advice about the consequences of a guilty plea. (Id. at 3.) This claim cannot overcome the *Strickland* prejudice prong since the judge informed Petitioner during his change of plea hearing that Petitioner faced life imprisonment. (Change of Plea Tr. at 10.) The judge explicitly informed the Petitioner that regardless of any statements by his attorney concerning the length of his sentence, the court would decide the sentence and could sentence Petitioner to life in prison. (Id. at 13–14.) The judge informed Petitioner of his sentence exposure

---

**8.** Petitioner pled guilty to greater amounts but these figures reflect the adjusted amounts from the laboratory tests.

and that the judge would determine his sentence, regardless of anything that his attorney or the government had told Petitioner or would recommend to the judge. Therefore, Petitioner cannot meet the prejudice prong of *Strickland*, even if his attorney did give him incorrect advice on his likely sentence.

### 4. The Claim that Counsel Did Not Object to Petitioner Being Sentenced Under an Inapplicable Statute

Petitioner claims that counsel was ineffective for allowing the district court, without objection, to sentence Petitioner pursuant to 21 U.S.C. § 841(b)(1)(A), even though Petitioner did not possess sufficient drugs to fall within this provision. (§ 2255 Mot. at 2–3.) While the pre-sentence report erroneously stated that 21 U.S.C. § 841(b)(1)(A) was the applicable statutory provision, rather than 21 U.S.C. § 841(b)(1)(B), Petitioner cannot show that he was prejudiced because the statutory maximum is the same for both. Under § 841(b), the statutory penalty for conspiring to distribute 1 kilogram or more of heroin or 5 kilograms or more of cocaine, is not less than 10 years and not more than life. If the defendant has committed such a violation after a prior conviction for a drug felony offense has become final, such defendant shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(A). As discussed *supra*, under § 841(b), the penalty for conspiring to distribute between 500 grams and 5 kilograms of cocaine is not less than 5 years and not more than 40 years in prison and if the person commits such a violation after a prior conviction for a drug

felony offense has become final, such person shall be sentenced to a term of imprisonment of not less than 10 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii). Since Petitioner had a prior felony drug conviction, under 21 U.S.C. § 841(b)(1)(B)(ii), his maximum sentence was life imprisonment for the cocaine charge, the same as his maximum sentence under 21 U.S.C. § 841(b)(1)(A).

■ Petitioner was sentenced as a career offender under the sentencing guidelines. The career offender provision § 4B1.1 of the Sentencing Guidelines only factors in the statutory maximum to determine the adjusted offense level. Petitioner's offense level and sentence were not altered by applying the statutory maximum from 21 U.S.C. § 841(b)(1)(A) since, in this case, it was the same statutory maximum life sentence that 21 U.S.C. § 841(b)(1)(B) mandated because of Petitioner's prior drug felony conviction. Petitioner cannot meet the prejudice prong of *Strickland*.

### C. The Claim of Violation of Rule 11 of the Federal Rules of Criminal Procedure

■ The court finds that the claim of a Rule 11 violation is procedurally waived[9] since Petitioner did not raise it on direct review and has not shown cause and prejudice for the default, *see supra*. Even if the claim was not waived, it has no merit.

■ Petitioner was incorrectly informed that he faced a statutory maximum sentence of life in prison and a minimum statutory sentence of 20 years. Instead, Petitioner faced a maximum sentence of

---

9. While Petitioner did raise a FED. R. CRIM. P. 11 violation on appeal, Petitioner claimed that his guilty plea was not knowing, voluntary, and intelligent because Petitioner believed that he was facing a maximum sentence of 20 months rather than 20 years. (Appellant's Brief on Direct Appeal at 9.) Petitioner never mentioned the incorrect mandatory minimum sentence.

life in prison and a minimum sentence of 10 years. Petitioner's claim that the court, in violation of Fed. R. Crim. P. 11,[10] failed to inform him of the correct minimum penalty he could receive, does not rise to the level required to permit collateral relief under § 2255. The third circuit explained in *United States v. Cleary* that it is well established that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal" and the "concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." 46 F.3d 307, 310 (3d Cir.1995).

To be entitled to habeas corpus relief under § 2255, Petitioner must show that the Rule 11 error amounted to "a fundamental defect which inherently result[ed] in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 311 (quoting *DeLuca*, 889 F.2d 503, 506 (3d Cir.1989)); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Not only must Petitioner demonstrate an error of constitutional magnitude, but he also must show that he was prejudiced by that error, i.e., that he did not understand the consequences of his plea or that, if he had been properly advised about the sentence he faced, he would not have pled guilty. *Cleary*, 46 F.3d at 311.

■ Even assuming that he claimed, which he has not, that he would not have pled guilty had he been informed of the correct mandatory *minimum* sentence, Petitioner still would not have a cognizable habeas claim.[11] The third circuit stated that the Supreme Court in *Timmreck* left open the question whether habeas relief could be granted, in the case of a Rule 11 violation, if the petitioner alleged that he would not have pled guilty if he had been properly advised that his sentence had to

---

**10.** Rule 11 of the Federal Rules of Criminal Procedure states in relevant part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and

(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and

(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pled, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement; and

(6) the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence.

**11.** The court does not read Petitioner's papers as alleging that he would not have pled guilty if he was informed of the correct mandatory minimum sentence.

include a mandatory "special parole term." *See DeLuca,* 889 F.2d at 507. In this same case, the third circuit found that a petitioner does not have a cognizable habeas claim when the total sentence received by the petitioner is equal to or less than the maximum sentence of which the petitioner was advised before entering his or her guilty plea. *Id.* In this case, Petitioner was informed of the correct statutory maximum before entering his guilty plea and he was sentenced to 21 years and 10 months in prison and 10 years of supervised release, far less than the life sentence he was advised he could have received, and not a day more than the least sentence recommended by the sentencing guidelines.

Petitioner cites three cases, *United States v. Still,* 102 F.3d 118 (5th Cir.1996), *United States v. Gigot,* 147 F.3d 1193 (10th Cir.1998), and *United States v. Horsley,* 599 F.2d 1265 (3d Cir.1979); however, these cases would not be helpful for the proposition. In *Still,* the district court told the defendant at the change of. plea hearing he was subject to a mandatory minimum sentence of five years and then sentenced the defendant based on a ten year mandatory minimum sentence. 102 F.3d at 122–23. There the defendant was led to believe that he faced a lesser mandatory minimum sentence and then was sentenced to a *greater* mandatory sentence. The *Gigot* case is a direct appeal and, therefore, is inapposite to this case on collateral review, discussed *supra.* Finally, the third circuit denied relief to the habeas petitioner in *Horsley* because the petitioner failed to allege specific prejudice. 599 F.2d at 1268. That is, petitioner failed to claim that he did not understand the nature of the charge to which he pled or that, but for the court's failure to comply strictly with Rule 11, he· would not have pled guilty. *Id.* Irrizari also never alleged that he did not understand the nature of the charges or that he would not have pled guilty if he knew the correct mandatory minimum sentence. Petitioner has failed to state a cognizable habeas claim based on a Rule 11 violation.

## D. Apprendi Claims

Petitioner raises a series of claims based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) which held that "other" than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. *Apprendi* is not applicable to Petitioner's claims for a variety of reasons: (1) Petitioner procedurally defaulted his *Apprendi* claims by not raising them on direct appeal; (2) *Apprendi* was decided after Petitioner's conviction became final and *Apprendi* is not retroactive; and (3) *Apprendi* does not apply to the claims that Petitioner raises.

■ The government argues that Petitioner's *Apprendi* claim is procedurally barred since Irrizari did not raise the *Apprendi* issue on direct appeal and may pursue the claim under § 2255 only if he demonstrates sufficient "cause" for the default and "prejudice" resulting from it. Irrizari argues that he has cause for not raising his *Apprendi* claim since *Apprendi* represented a change in law which was not available at the time of sentencing or appeal. (Pet.'s Reply at 6–7.) The Supreme Court has held that "cause" exists where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); however, this court finds that the *Apprendi* argument was available to Petitioner at the time of his direct appeal. In a case

analogous to Irrizari's in terms of timing, Chief Judge Becker stated that although *Apprendi* had not been decided at the time of petitioner's submission of briefs for his direct appeal, the argument was available in light of *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311, (1999). *See United States v. Mack,* 229 F.3d 226, 244 (2000) (Becker, C.J., concurring). Chief Judge Becker explained that the dicta in *Jones* stated that under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *Id.* Irrizari's appellate briefs were submitted on July 29, 1999 and *Jones* was decided on March 24, 1999. Irrizari had the *Jones* argument available to him and cannot show that his *Apprendi* claim is so novel that its legal basis was not reasonably available to counsel.

Even if Irrizari had not procedurally defaulted his *Apprendi* claim, he would still be barred from § 2255 relief because *Apprendi* does not apply retroactively on collateral review.[12] Irrizari's conviction became final in 1999 before *Apprendi* was decided on June 26, 2000. Therefore, he could benefit from the rule set forth in *Apprendi* only if *Apprendi* applies retroactively.

The court finds that *Apprendi* does set forth a new procedural rule. The Supreme Court determined that a case announces a new rule only when it breaks new ground or imposes a new obligation on the States or the Federal Government and is not dictated by precedent existing when a defendant's conviction became final. *Teague,* 489 U.S. at 301, 109 S.Ct. 1060.

Since, prior to *Apprendi,* drug quantities under § 841(b) were sentencing factors for a judge to determine based upon a preponderance of the evidence standard, rather than for a jury to determine under the criminal evidentiary standard of proof, this court concludes that under the *Teague* test, *Apprendi* announces a new rule of criminal procedure. *See United States v. Chapple,* 985 F.2d 729, 731 (3d Cir.1993).

New procedural rules generally are not applied retroactively because of the doctrine of finality. *See Teague,* 489 U.S. at 309–10, 109 S.Ct. 1060. The third circuit adheres to the approach set forth in *Teague* to evaluate whether to apply a new rule to a habeas petition. *See West v. Vaughn,* 204 F.3d 53, 61 (3d Cir.2000). Under the third circuit's approach "federal courts may retroactively apply new rules of law on habeas petitions if the rules are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, that alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *West,* 204 F.3d at 59–60.

The court dispenses with a detailed analysis of whether the approach set forth in *Teague* and adopted in *West,* shows that *Apprendi* should be applied on collateral review, because factually *Apprendi* simply is not applicable to Petitioner's claim. Other district judges in this court have undertaken a detailed analysis of the issue and this court follows the conclusions reached in those cases. *See Levan v. United States,* 128 F.Supp.2d 270 (E.D.Pa. 2001); *United States v. Trinh,* NO. CIV.A. 00–6085, 2001 WL 366635, at *1 (E.D.Pa. April 12, 2001). While the third circuit has not yet decided the issue of whether *Ap-*

---

**12.** Retroactivity is a threshold matter which must be examined before coming to the mer-

its of the case. *Teague v. Lane,* 489 U.S. 288, 300, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

*prendi* is to be applied retroactively, several other circuits have held that *Apprendi* may not be applied retroactively to successive habeas petitions and at least one circuit has refused to apply *Apprendi* to an initial habeas petition. *See Levan*, 128 F.Supp.2d at 275 (listing the circuits that have analyzed the issue of *Apprendi's* retroactive application). In addition, several district courts have also determined that *Apprendi* does not apply to initial habeas petitions. *See id.* (listing district courts that have analyzed the issue of *Apprendi's* retroactive application).

■ *Apprendi* does not apply to Petitioner's claims at all. First, Petitioner cites *Apprendi* for the proposition that because his prior felony was not charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt, his rights to due process and a jury trial were violated. (§ 2255 Mot. at 9.) However, *Apprendi* states in relevant part that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. *Apprendi* explicitly excludes prior convictions from the facts that have to be charged in an indictment and proven beyond a reasonable doubt.

Second, Petitioner claims that his sentence must be vacated because "petitioner's sentence exceeds the statutory maximum for the most lenient provision in 841(b) and the type and quantities involved were not in the indictment and proven beyond a reasonable doubt." (§ 2255 Mot. at 14.) However, Count one of Petitioner's indictment explicitly states that petitioner conspired to possess with intent to deliver "controlled substances, that is a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and a mixture or

substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance," (Pet.'s Indictment Count One), and Petitioner pled guilty to Count one. Petitioner's sentence did not exceed the statutory maximum for 21 U.S.C. § 841(b)(1)(C), the most lenient provision for cocaine or heroin, since Petitioner faced a statutory maximum of 30 years under 21 U.S.C. § 841(b)(1)(C) because of his prior drug felony conviction. He was sentenced to 262 months or 21 years and 10 months and not to a sentence that exceeded the statutory maximum penalty for the conviction.

Third, Petitioner argues that *Apprendi* renders 21 U.S.C. § 841 unconstitutional. This claim is legally frivolous. *Apprendi* simply requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 490, 120 S.Ct. 2348. Therefore, as the government states, *Apprendi* requires the government to prove to the jury beyond a reasonable doubt any quantity that increases a defendant's maximum sentence under 21 U.S.C. § 841 and does not render the statute unconstitutional. Thus, Petitioner has not stated a cognizable claim under *Apprendi*.

### IV. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied without a hearing.