OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Brian Barner appeals the District Court’s partial denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). We will affirm.
I.
Because we write for the parties, we recount only those facts necessary to our decision.
Barner pleaded guilty in 1998 to conspiracy to distribute and possess with intent to *680 distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 300 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Barner’s offense level was 40 and his criminal history category was IV, yielding a Guidelines range of 360 months to life imprisonment. The District Court sentenced Barner to 420 months imprisonment.
On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in USSG § 2Dl.l(c). Amendment 706 provides a two-level reduction in base offense level for certain crack-cocaine offenses. The Commission made this amendment retroactive, effective March 3, 2008. See U.S. Sentencing Guidelines Manual app. C, amend. 713 (2008).
After Amendment 706 was made retroactive, Barner moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). In addition to arguing that his revised offense level should be 38, Barner sought to relitigate his criminal history calculation, arguing that the District Court miscalculated his criminal history during the initial sentencing. The District Court found that it lacked authority to reconsider Barner’s criminal history calculation, but recalculated his Guidelines range to be 324 to 405 months pursuant to his reduced offense level. The court then resentenced Barner to 378 months imprisonment.
Barner now appeals, arguing that the District Court misconstrued its authority to reconsider his criminal histoiy category and failed to meaningfully consider the factors listed in 18 U.S.C. § 3553(a) during his resentencing.[1]
II.
We begin with Barner’s assertion that the District Court erroneously concluded that it lacked authority to reconsider the calculation of his criminal history category. We review de novo a district court’s interpretation of statutory requirements, including the Sentencing Guidelines. United States v. Williams, 344 F.3d 365, 377 (3d Cir.2003).
Barner argues that the District Court erred during his initial sentencing when it included two retail theft convictions and determined his criminal history to be category IV. Although Barner’s counsel did not object to this calculation, he now argues in his § 3582 motion that this calculation was erroneous and that his criminal histoiy should have been category III.
Pursuant to § 3582(c), sentencing courts are authorized to modify a previously imposed sentence of imprisonment only under certain enumerated circumstances. United States v. Higgs, 504 F.3d 456, 461 (3d Cir.2007). One of those circumstances is provided in § 3582(c)(2), which authorizes district courts to modify “a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.... ” The Sentencing Commission has explained: “[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual ... the court may reduce the defendant’s term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).” USSG § lB1.10(a)(l). Therefore, in Barner’s ease, the District Court was entitled to revisit his sentence in light of Amendment 706, which reduced *681 the offense level for his offense of conviction.
The court’s authority to revisit a sentence previously imposed is not unlimited, however. The Guidelines make clear that “proceedings under 18 U.S.C. § 3582(c)(2) ... do not constitute a full resentencing of the defendant.” USSG § lB1.10(a)(3); see also United States v. Faulks, 201 F.3d 208, 210 (3d Cir.2000) (distinguishing between a full resentencing and a proceeding under 18 U.S.C. § 3582(c)(2)). Instead, sentencing courts are instructed to “substitute only the [retroactive] amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced and ... leave all other guideline application decisions unaffected.” USSG § 1B1.10(b)(1) (emphasis added); see United States v. McBride, 283 F.3d 612, 615 (3d Cir.2002) (“only the retroactive amendment is to be considered at a resentencing under § 3582”).
Thus, in Barner’s case, the District Court was limited to ascertaining Barner’s Guidelines range had Amendment 706 been in place during his initial sentencing. The District Court lacked authority to reconsider its initial criminal history calculation or any other component of Barner’s initial sentence that was not affected by a retroactive amendment. Cf. United States v. Mateo, 560 F.3d 152, 156 (3d Cir.2009) (holding that the district court lacked authority to revisit the application of the career offender enhancement in a § 3582 motion because that enhancement was not affected by a retroactive amendment). Accordingly, the District Court did not err in refusing to consider Barner’s arguments with regard to his initial criminal history calculation.
III.
Barner also argues that the District Court failed to properly consider the § 3553(a) factors when it imposed a sentence of 378 months imprisonment, which was sixteen percent above the midpoint of his Guidelines range. See United States v. Clark, 563 F.3d 722, 724 (8th Cir.2009) (“the relevant § 3553(a) factors still guide the decision to modify a sentence and the selection of an appropriate, amended sentence within the new range”). We review this claim for abuse of discretion, Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), and must ensure that the District Court committed no significant procedural error, such as failing to consider the § 3553(a) factors. United States v. Wise, 515 F.3d 207, 217 (3d Cir.2008).
Though motions for sentence reduction under § 3582 do not constitute “full resentencings,” USSG § lB1.10(a)(3), sentencing courts still must apply the § 3553(a) factors when determining a defendant’s modified sentence. 18 U.S.C. § 3582(c)(2) (“the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable”); see also USSG. § 1B1.10 cmt. n. l(B)(i) (“Consistent with § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant’s term of imprisonment is warranted; and (II) the extent of such reduction.... ”). Barner alleges that the District Court did not properly consider the § 3553(a) factors because it merely “incorporate[ed] by reference” the analysis it undertook at the initial sentencing hearing in 1998 without discussing how each § 3553(a) factor informed the sentence.
Barner’s allegations are unsupported by the record. We disagree that the District Court’s review of the § 3553(a) factors consisted of a “mere listing” of the factors and an “incorporation by reference” of the court’s 1998 sentencing hearing. Although *682 the District Court referenced the 1998 sentencing hearing, it did not rely upon that hearing to the extent Barner alleges. The District Court discussed both the nature and circumstances of Burner's offense— which involved a substantial amount of drugs as well as an attempt to recruit another person to execute two witnesses in his case — as well as Banner’s history and characteristics.[2] The District Court cited the § 3558(a) factors, acknowledged that it had “thoroughly reviewed” the sentencing briefs submitted by the parties, and discussed the sentences recommended by the respective parties. As the Supreme Court acknowledged in Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), “The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances .... [S]ometimes a judge rel[ies] upon context and the parties’ prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge’s own professional judgment.” Id. at 356, 127 S.Ct. 2456. Moreover, a within-Guidelines sentence typically will require less justification than a sentence outside the Guidelines. Id. at 347, 127 S.Ct. 2456. Because we find that “the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a),” United States v. Grier, 449 F.3d 558, 574 (3d Cir.2006), we are convinced the District Court did not abuse its discretion in resentencing Barner.
IV.
Finally, Barner challenges the District Court’s use of a drug amount that was in excess of the amount to which he pleaded in determining his sentence. Barner argues that the District Court violated his Fifth and Sixth Amendment rights because the drug amount used in sentencing was neither charged in the indictment nor admitted at his guilty plea or proved to a jury beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Barner concedes, this argument is foreclosed by the Supreme Court’s holding in Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and our decision in United States v. Coleman, 451 F.3d 154, 159-60 (3d Cir.2006).
V.
Given the limitations on the District Court’s authority prescribed by § 3582(c) and the Sentencing Commission, the District Court properly confined its review of Barner’s sentence. After calculating the appropriate Guidelines range, the court sufficiently discussed the § 3553(a) factors in sentencing Barner to a within-Guidelines sentence of 378 months imprisonment. Accordingly, we will affirm.

. The District Court had jurisdiction to review Barner's motion for sentence modification pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

. We note that the same judge presided over both the 1998 and 2008 sentencing hearings and displayed a familiarity with the defendant.