**ALD-369**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2469
_____

UNITED STATES OF AMERICA

v.

BRIAN K. BARNER,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-97-cr-00207-002)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Due to an Untimely Notice of Appeal or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 9, 2016)

_____

OPINION<sup>*</sup>
_____

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Brian Barner appeals pro se from the District Court's April 27, 2016 order, which reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). Barner argues that, in light of certain errors made by the District Court, he should have received a larger sentence reduction. For the reasons that follow, we are unpersuaded by his arguments and we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, we discuss the background of this case only to the extent needed to resolve this appeal. In 1998, Barner pleaded guilty in the District Court to drug-related offenses. The District Court determined that Barner's offense level was 40 and his criminal history category was IV, which yielded a Sentencing Guidelines range of 360 months to life in prison. The District Court imposed a 420-month prison term.

In 2008, Barner moved to reduce his sentence under § 3582(c)(2) based on Sentencing Guidelines Amendment 706, which "reduced the base offense levels for crack cocaine offenses under [U.S.S.G.] § 2D1.1(c) by two levels." United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). The District Court determined that, in light of this amendment, Barner's offense level was lowered to 38, which yielded a Sentencing Guidelines range of 324 to 405 months. The District Court then granted Barner's § 3582(c)(2) motion and reduced his sentence to 378 months. Barner appealed from that judgment, arguing, inter alia, that the District Court had failed to sufficiently consider the sentencing factors set forth in 18 U.S.C. § 3553(a). We rejected that argument and

affirmed Barner's reduced sentence.  See United States v. Barner, 350 F. App'x 678, 681-82 (3d Cir. 2009).

In March 2016, Barner filed a second § 3582(c)(2) motion.  This time, he sought a sentence reduction based on Sentencing Guidelines Amendment 782, which "reduced by two levels the base offense levels assigned to many drug quantities in [section 2D1.1(c)]."  United States v. Thompson, Nos. 15-3086 & 15-3107, 2016 WL 3163078, at *3 (3d Cir. June 7, 2016) (precedential).  This amendment lowered Barner's offense level to 36, which yielded a Sentencing Guidelines range of 262 to 327 months.  Barner argued that his sentence should be reduced to 262 months in light of his post-sentencing conduct.  On April 27, 2016, the District Court granted Barner's new motion but reduced his sentence to 305 months instead of 262 months.  Barner now appeals from this latest order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1]  We review de novo a district court's interpretation of the Sentencing Guidelines, and we review that

---

[1] The time for filing an appeal from an order adjudicating a § 3582(c)(2) motion is governed by Federal Rule of Appellate Procedure 4(b)(1)(A).  See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting cases).  Accordingly, the deadline for filing a notice of appeal in this case was May 11, 2016.  See Fed. R. App. P. 4(b)(1)(A).  Barner's notice of appeal was not docketed in the District Court until May 16, 2016; however, it appears that his notice was submitted to prison authorities for forwarding to the District Court before the May 11th deadline, which would make the notice timely.  See Fed. R. App. P. 4(c)(1).  But even if his notice was not timely, we still may reach the merits of this appeal.  Indeed, the time requirement set forth in Rule 4(b)(1)(A) is not jurisdictional, United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012), and the Government has not moved to enforce it.

court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion. Mateo, 560 F.3d at 154. When, as here, a district court reduces a prisoner's sentence under § 3582(c)(2), we review the reduced sentence for reasonableness. See United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009). We may take summary action if it clearly appears that an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

In support of his appeal, Barner argues that the District Court should have done the following in connection with his second § 3582(c)(2) motion: (1) order the Probation Office to prepare an amendment to his Presentence Investigation Report ("PSR"); (2) accept sentencing memoranda from the parties; (3) hold a sentencing hearing to allow him to allocute; and (4) consider his post-sentencing conduct. We conclude that none of these arguments warrants disturbing the District Court's April 27, 2016 order. First, contrary to Barner's suggestion, an amendment to the PSR was indeed prepared in connection with his second § 3582(c)(2) motion. Second, the District Court did not commit error by ruling on that motion without soliciting sentencing memoranda from the parties or holding a sentencing hearing. "How a court decides to consider a § 3582(c)(2) motion is a matter of discretion," see Styer, 573 F.3d at 154, and a defendant need not be present during a § 3582(c)(2) proceeding, see Fed. R. Crim. P. 43(b)(4). Here, Barner's § 3582(c)(2) motion clearly set forth the reasons why he believed his sentence should be reduced to the lower end of the new Sentencing Guidelines range. Under these circumstances, the District Court acted within its discretion in ruling on his motion without further briefing or a hearing. Lastly, the District Court was not obligated to

4

consider Barner's post-sentencing conduct.  See Styer, 573 F.3d at 154 n.4 (citing

U.S.S.G. § 1B1.10 cmt. n.1(B)(iii)).

Once a district court determines that a prisoner is eligible for a sentence reduction,

that court considers the factors set forth in § 3553(a), "to the extent that they are

applicable," 18 U.S.C. § 3582(c)(2), to determine whether a sentence reduction is

warranted.  See Dillon v. United States, 560 U.S. 817, 827 (2010).  Here, the District

Court's April 27, 2016 order referenced the § 3553(a) factors and concluded that a

significant sentence reduction — 73 months — was warranted.  Under the circumstances

of this case, we cannot conclude that this reduction was unreasonable.[2]  Because this

appeal does not present a substantial question, we will summarily affirm the District

Court's April 27, 2016 order.  Barner's motion for appointment of counsel is denied.

---

[2] We note that Barner's 305-month sentence is 16.4% above the lower end of his new
Sentencing Guidelines range.  Similarly, the earlier two iterations of his sentence (420
months and 378 months) were 16.7% above the lower end of the then-applicable range.

5