OPINION
SMITH, Circuit Judge.
Appellants Andre Cooper, Jamain Williams, and Vincent Williams (collectively, the “Defendants”) challenge their convictions and sentences for various Racketeer Influenced and Corrupt Organizations Act (“RICO”), conspiracy, drug, and firearms violations stemming from their participation in an alleged RICO enterprise, the “Boyle Street Boys.” We write primarily to address Jamain’s claims that the evidence was insufficient to prove that the Boyle Street Boys were a RICO enterprise, and that Jamain participated in two murders to maintain his position in the Boyle Street Boys, in violation of the Violent Crimes in Aid of Racketeering Act (“VICAR”), 18 U.S.C. § 1959. We will affirm.[1]
Inasmuch as we write primarily for the parties, who are familiar with this case, we need not recite additional factual or procedural background.
Jamain claims that the Government’s evidence was insufficient to show that the Boyle Street Boys had the structure necessary to be a RICO enterprise. See Boyle v. United States, — U.S.-, -, 129 S.Ct. 2237, 2244, 173 L.Ed.2d 1265 (2009) (“[A]n association-in-fact enterprise must have a structure.”). Jamain argues that the Boyle Street Boys made decisions on an unorganized, ad hoc basis, and otherwise had no hierarchy. But the Supreme Court has rejected the argument that an association-in-fact enterprise must possess these characteristics. Id. at 2245 (“Such a group need not have a hierarchical structure or a ‘chain of command’; decisions may be made on an ad hoc basis and by any number of methods.... Members of the group need not have fixed roles.... The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.”). Indeed, in Boyle, the Supreme Court affirmed the conviction of a defendant who was allegedly part of a “loosely and informally organized” group. Id. at 2241.
According to the Supreme Court, an association-in-fact enterprise “must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise’s purpose.” Id. at 2244. Here, the evidence was more than sufficient to establish each of these elements. First, the Government introduced evidence that the Boyle Street Boys had a purpose: selling drugs on the corner of Boyle Street and Culhane. In addition to the evidence showing that members of the group sold drugs at that location, members testified that individuals who wanted to sell drugs *832 on that corner needed the permission of a senior member in order to do so, and that senior members hid guns around the surrounding neighborhood so that members had access to them in case anything went wrong. Second, the Government adduced evidence of relationships between the members of the Boyle Street Boys. Members testified that the group saw themselves as a “family” bound together by a code of loyalty. Senior members also met and discussed whether to kill individuals seen as a threat to the group, and if so, to plan how the murders would be carried out. Third, the Government introduced evidence of sufficient longevity: the Boyle Street Boys conducted its activities throughout a period spanning approximately six years. Accordingly, the evidence was sufficient to show that the Boyle Street Boys were a RICO enterprise.
Jamain also argues that the evidence was insufficient to sustain two of his convictions for violating VICAR. “VICAR was enacted by Congress in 1984 as a violent crime corollary to the RICO statute.” United States v. Jones, 566 F.3d 353, 361 (3d Cir.2009). The statute sets forth penalties for committing and conspiring to commit murder for the “purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity.” 18 U.S.C. § 1959(a); see also Jones, 566 F.3d at 361. Here, the jury found Jamain guilty of conspiring to commit one murder and actually committing another with such a position-related purpose.[2]
Jamain argues that the evidence was insufficient because personal grudges motivated the two murders. We disagree. A senior member of the Boyle Street Boys testified that the group believed that the first victim posed a threat to all the members in the group. As a result, the senior members, including Jamain, met and decided to kill the first victim. Since members of Boyle Street Boys were bound together by a code of loyalty, which meant that “[i]f one of us had problems, we all had problems” (J.A. 5532), a rational trier of fact could conclude beyond a reasonable doubt that Jamain would have lost standing in the group had he opted out of participating in the murder. Similarly, although Jamain had a personal motive to commit the second murder — to retaliate against a perceived threat to his personal safety — the evidence introduced at trial supports a finding that Jamain committed the murder to maintain his leadership role in the Boyle Street Boys.[3] At the time, the group had acquired a reputation as “Millers” (J.A. 4782), that “[i]f people had a problem with you, they were going to have a problem with [the senior members of the group].” (J.A. 4783). Maintaining this reputation was important to the *833 group. Based on this evidence, a rational trier of fact could conclude beyond a reasonable doubt that Jamain committed the second murder in order to maintain his position as the leader of the Boyle Street Boys. As a result, the evidence was sufficient to support Jamain’s VICAR convictions.
Defendants also assert twelve other grounds for appeal. We have scrutinized the record and the Defendants’ briefs, but see no merit to any of these claims. Accordingly, we will affirm the Defendants’ convictions and sentences.

. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review challenges to the sufficiency of the evidence by ' Viewing] the evidence in the light most favorable to the government and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (internal citations and quotations omitted).
We commend both of counsel for their very cogent and very helpful oral arguments.

. We reject Jamain's contention that VICAR requires the murders to have a connection with the purpose of the RICO enterprise. It is true that the VICAR's definition of enterprise mirrors RICO’s definition. Compare 18 U.S.C. § 1959(b)(2) ('“[E]nterprise’ includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.”) with 18 U.S.C. § 1961(4) (" '[E]nter-prise’ includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.”). But VICAR's plain language does nothing to tie the purpose of the murder with the purpose of the enterprise. Instead, VICAR only specifies that the purpose of the VICAR murder must be related to the murderer's position in the enterprise. See 18 U.S.C. § 1959(a) (providing that murder for "the purpose of gaining entrance to or maintaining or increasing position in an enterprise” constitutes VICAR murder (emphasis added)).

. Jamain claims that he was not the leader of the Boyle Street Boys, but three members of the group testified that he was.