**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1536
_____

IN RE: ANDRE COOPER,
                                                            Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2-01-cr-00512-005)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
July 12, 2018

Before:   MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: October 18, 2018)
_____

OPINION*
_____

PER CURIAM

Petitioner Andre Cooper petitions for a writ of mandamus. For the reasons that

follow, we will deny the petition.

Cooper was convicted, following a jury trial in the United States District Court for

the Eastern District of Pennsylvania, of participation in the affairs of an interstate

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

enterprise through a pattern of racketeering activity (Count 8); conspiracy to murder in aid of racketeering (Count 9); the murder of Tracey Saunders in aid of racketeering (Count 10); tampering with witness Tracey Saunders by murder (Count 11); conspiracy to murder Antonio Rykard in aid of racketeering (Count 14); the murder of Antonio Rykard in aid of racketeering (Count 15); conspiracy to murder Karriem Washington in aid of racketeering (Count 21); the murder of Karriem Washington in aid of racketeering (Count 22); using a firearm during and in relation to a crime of violence (Count 23); conspiracy to distribute more than five kilograms of cocaine (Count 25); conspiracy to distribute more than five kilograms of cocaine in a school zone (Count 26); possession of cocaine with the intent to distribute (Counts 29, 31); possessing a firearm in furtherance of a drug trafficking crime, and using and carrying a firearm during and in relation to a drug trafficking crime (Counts 30, 32); and distribution of cocaine (Counts 42 and 43).

On July 27, 2006, the District Court sentenced Cooper as follows: life imprisonment with no possibility for parole on Counts 10, 15, and 22 (the murder counts), the sentences to run consecutively to each other, N.T., 7/27/06, at 24-25; a term of imprisonment of 10 years on Count 23, the sentence to run consecutively "to each of the life imprisonment sentences" on Counts 10, 15 and 22, id. at 25; a term of imprisonment of 10 years on Count 30, the sentence to run consecutively "to each of" Counts 10, 15, 22 and 23, id. at 26; a term of imprisonment of 10 years on Count 32, the sentence to run consecutively "to each of" Counts 10, 15, 22, 23 and 30, id.; and, as to "the remaining counts," a term of imprisonment of 10 years to "run concurrently with the

2

life imprisonment sentence," id. at 25. Those remaining counts would be 8, 9, 11, 14, 21, 25, 26, 29, 31, 42, and 43.

Cooper appealed the criminal judgment and we affirmed, see United States v. Cooper, 343 F. App'x 830 (3d Cir. 2009). In 2010, Cooper filed a motion to vacate sentence, 28 U.S.C. § 2255. The District Court denied relief on the merits, and we denied Cooper's request for a certificate of appealability. We have also denied several applications by Cooper for leave to file second or successive § 2255 motions.

In 2016, Cooper filed a Rule 60(b)(6) motion, contending that the District Court failed to sentence him on Counts 8 and 11. The District Court denied the Rule 60 motion and we denied Cooper's request for a certificate of appealability.

Cooper now has filed a petition for writ of mandamus claiming, as he did in his Rule 60 motion, that the District Court failed to sentence him on Count 8, participation in the affairs of an interstate enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c); and Count 11 (tampering with witness Tracey Saunders by murder, in violation of 18 U.S.C. §§ 2, 1111(a), 1512(a)(1)(A) and (C), and 1512(a)(2)(A)). He seeks to be sentenced by the District Court on these counts; otherwise, he argues, they should be dismissed. Petition, at 1-2. He further argues that the error is a fundamental one, and that, having unsuccessfully moved for relief under Rule 60, he now has no other adequate means for obtaining relief. Cooper has attached a copy of the sentencing transcript to his mandamus petition, which he says supports his argument.

3

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that we grant only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

We have reviewed the sentencing transcript but do not agree that it supports Cooper's argument that the District Court did not sentence him on Counts 8 and 11. On the contrary, the transcript indicates that, after sentencing Cooper on certain specific counts to consecutive sentences of varying lengths, the District Court sentenced him on "the remaining counts" to concurrent terms of imprisonment of 10 years, id. at 25. This reference to the remaining counts should include Counts 8 and 11, and Cooper does not argue otherwise. Accordingly, insofar as the transcript does not provide clear factual support for his assertion that he was not sentenced on Counts 8 and 11, Cooper has not shown both a clear and indisputable right to the writ.

We note that, although a written copy of the criminal Judgment has not been provided with Cooper's petition, the purported contents of the Judgment were transcribed on the criminal docket by court staff, see Docket Entry No. 911. The transcribed contents state that Cooper's sentence on each of Counts 8 and 11 is a concurrent term of life imprisonment. This difference in the sentences might suggest either that there was a

4

transcription error in recording the contents of the criminal Judgment, or that there is an actual conflict between the sentence imposed on the record in open court and the written Judgment, see generally United States v. Faulks, 201 F.3d 208, 211 (3d Cir. 2000) ("[W]hen the two sentences are in conflict, the oral pronouncement [in the defendant's presence] prevails over the written judgment."). Either way, the record does not support an assertion that Cooper was not sentenced at all on Counts 8 and 11. Moreover, we are satisfied that this issue could have been addressed on direct appeal and thus that there were other adequate means to obtain the relief desired. Mandamus, with its "exceedingly narrow" scope of review, is not a substitute for an appeal. In re: Chambers Development Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (quoting In re: Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)).

For the foregoing reasons, we will deny the petition for a writ of mandamus.